[No. 7625.]

PREWITT v. PREWITT.

DIVORCE AND ALIMONY—*Modification of Decree for Alimony—Writ of Error—Limitation*—Where a modification of a decree awarding alimony is sought, the application, though made in the same case, is upon a petition asserting new facts, and upon a new notice—(526).

And the judgment of the court thereon is a final judgment to which a writ of error lies from this court—(526).

The period within which such writ of error must be sued out begins with the entry of the modified judgment—(526).

*Error to Arapahoe County Court.*—HON. GEORGE W. DUNN, Judge.

Messrs. MELVILLE, SACKETT & CALVERT, for plaintiff in error.

Mr. CHARLES W. WATERMAN and Mr. JAMES A. HARRIS, for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

On the 17th day of July, 1909, a decree of divorce was granted to Anna A. Prewitt, as plaintiff, against Francis E. Prewitt, as defendant, in the county court of Arapahoe county, and, at the same time, the defendant was ordered to pay to the plaintiff on that day the sum of $83.35, and a like sum on the 17th day of each and every succeeding month, as permanent alimony. On the 14th day of August, 1911, the plaintiff filed her petition in the action, asking for a modification of the decree for alimony and that the defendant be ordered to pay her $100 per month for each and every month thereafter, until the further order of the court.

Thereafter, the defendant filed a motion to strike the said petition of plaintiff from the files, for various reasons, and that the decree for alimony be satisfied. Upon a hearing, the motion to strike the petition and to enter a satisfaction of the decree for alimony was sustained by the court on the 9th day of September, 1911, and, on the same day, the court considered a motion of plaintiff to vacate the satisfaction of the judgment, both parties being present and consenting to the consideration of the last motion at that time. This motion to vacate was denied by the court. Thereafter, in the month of September, 1911, the plaintiff sued out a writ of error from this court to review the action of the lower court in striking the petition for a modification of alimony and in entering the satisfaction of the judgment and denying the motion to vacate the same.

The defendant in error filed a motion in this court to dismiss the writ of error for the reason that it was not sued out of this court within six months from the date of the original decree for divorce and alimony. This writ of error is sued out to review a judgment or order with respect to alimony, payable periodically in the future. A court, granting a divorce and permanent alimony, has the power to modify the decree, relative to alimony payable in the future, as the changed circumstances of the parties may render it necessary and just. *Stevens v. Stevens,* 31 Colo. 189. It appears in that case, from the dissenting opinion, that more than six years after the judgment for divorce and alimony was rendered, the defendant filed his petition asking for a modification of the decree. To this petition the plaintiff demurred; the defendant elected to stand by his petition and it was dismissed. This court then reviewed the case on error, reversed the judgment of the lower court, remanded the cause with directions to overrule the demurrer to the petition, and said:

"By virtue of the general equity powers of a court granting a divorce, as well as by virtue of the provision of sec. 9 of the divorce act, Session Laws, 1893, p. 240, such court has the authority to modify the decree relative to alimony payable in the future, and the custody and control of minor children as the changed circumstances of the parties may render necessary and just."

Section 9 of the divorce act referred to was amended in 1907, and as amended is section 2118 Revised Statutes. The section is the same as it was before the amendment, except that there is added a proviso that when a divorced woman re-marries after obtaining a decree of divorce, the court shall annul the provisions relative to alimony, upon application of the divorced husband, on notice and proof of re-marriage, and the further proviso that the

section shall, in no way, be construed to relieve such husband from any judgment or order relating to the support of minor children. The statute, therefore, as well as the general equity power of a court in granting a divorce and alimony, remains the same as at the time of the decision in the *Stevens* case.

A judgment with respect to a modification of a decree for alimony is reviewable in an appellate court. *Stillman v. Stillman,* 99 Ill. 196. Such a judgment is reviewable in this court, for such a one was reviewed in the *Stevens* case. Under the code, a writ of error shall not be brought after the expiration of three years from the rendition of the judgment complained of. Section 436, Rev. Code. A writ of error to review a decree granting a divorce shall be sued out within six months from the date of the decree. Sec. 2123, Rev. Stat.

If the period of limitation, within which a writ of error may be sued out to review a judgment with respect to the modification of the original decree for alimony, begins to run at the time of the rendition of such decree, then in a case like that of *Stevens v. Stevens, supra,* the judgment with respect to the modification, no matter how erroneous it may be, cannot be reviewed at all, if the party erroneously favored should move to dismiss the writ of error on account of the lapse of the period of limitation. If the judgment is modified so as to increase, decrease, or stop entirely the payment of alimony, the judgment to be enforced is the judgment modified as to alimony—not the original decree. The latter is wiped out and a new judgment for alimony is entered. Thereafter, the payment or collection of the alimony is made with reference to the modified judgment, and not to the original one. The modified judgment is as final as the original one was when entered. The modification is not a proceeding subsequent

to judgment where the judgment stands as is the case when subsequent proceedings are to be reviewed in connection with the judgment: The *Stevens* case establishes the right of a party to a decree for alimony to have a modification thereof when the circumstances are so changed as to make the modification just and necessary. This right is adjudicated in the same case, it is true, but upon a new petition containing new facts, and upon new notice, and when the judgment of the court is announced that judgment is final of the matter adjudicated.

In the present case, the judgment of modification wipes out the payment of alimony altogether, and if it is not reversed on review, or if no review thereof be sought, it is as final as any judgment can be. It ends the matter forever and completely. The right of the plaintiff to have her decree for alimony modified has been finally and completely adjudicated by the lower court. Under such circumstances, the judgment with reference to the modification is certainly a final judgment, to review which a writ of error will lie from this court. *Standley v. Hendrie & Bolthoff Mfg. Co.,* 25 Colo. 376. That being so, the limitation period within which a writ of error must be sued out to review this last judgment of the county court, began at the time of the entry of such modified judgment.

It follows that whether the period of limitation be regarded as six months or three years, this writ of error was sued out in time, and the motion to dismiss it should be denied.

*Motion Denied.*

Mr. JUSTICE WHITE and Mr. JUSTICE GARRIGUES concur.