No. 9632.

CHAMBERLAIN v. CHAMBERLAIN.

DIVORCE—*Alimony*—*Writ of Error.* One who desires a review of any feature of a decree of divorce must file the notice required by Sec. 12 of c. LXV of the Laws of 1917. The statute applies where a review merely of the grant of alimony is desired. In the absence of such notice, this Court has no jurisdiction.

*Error to Denver District Court, Hon. Clarence J. Morley,*
*Judge.*

Writ of error dismissed.

Mr. JAMES J. SULLIVAN, for plaintiff in error.

Mr. THOMAS WARD, JR., and Messrs. DEWEESE & MC-PHAIL, for defendant in error.

Opinion by Mr. Justice Allen:

THIS is an action for divorce. The plaintiff below prevailed in the trial court, and obtained a decree which, in addition to granting a divorce, awarded to her a certain sum of money as permanent alimony. The defendant below seeks a review by this court of certain rulings, orders, and the decree of the trial court in the matter of permanent alimony. The plaintiff, defendant in error here has filed a motion to dismiss the writ of error.

It appears from the record that the plaintiff in error, against whom a decree of divorce has been granted in this cause, did not, at any time, file with the clerk of the trial court the written notice described and provided for in section 12, chapter 65 of the Session Laws of 1917, as follows:

"No writ of error shall be taken or allowed or prosecuted from the Supreme Court to review a judgment or decree of any court in an action for divorce, except at the time and in the manner hereinafter set forth, to-wit: If the party against whom a decree of divorce has been granted shall file, within five days from the day on which such decree was granted, with the clerk of the court a written notice that he or she will apply within sixty days from the date of said decree to the Supreme Court, for a writ of error to review the said decree then a writ of error may issue from the Supreme Court on proper application therefor within sixty days from the date of said decree but not thereafter, to review any and all of the proceedings and decree of the trial court."

The motion to dismiss the writ of error is made upon the ground that the plaintiff in error has failed to file the written notice above referred to, and that therefore this court is without jurisdiction to review any of the proceedings in this case.

When notice of such character, as that above described, is required by statute as a prerequisite to the issuance of a writ of error from an appellate court, and the statute is not complied with in this respect, the appellate court is without jurisdiction to review any proceedings, judgment or decree

in the cause, unless the failure to give or to file such notice can be and is waived. 3 C. J. 1216, sec. 1317; Id. 1238, sec. 1341.

It appears to be conceded by both parties in the instant case that the statutory provision above quoted would be applicable, and that the motion to dismiss the writ of error should be granted, if the plaintiff in error sought to obtain a review of the decree, or part thereof, which grants the divorce. The defendant in error presents her motion upon the theory that the statute is applicable and governs also in a case where, as here, the review sought pertains only to the trial court's rulings, orders, and decree with reference to alimony. We are of the opinion that this view is correct, and that the motion should be granted. The statute in requiring a written notice of the application for a writ of error, does not limit such requirement only to the obtaining of a review of that part of the decree which grants a divorce. The filing of the written notice is made a prerequisite to securing a review of "any judgment or decree * * * in an action for divorce," and it is immaterial what part of the judgment or decree it is sought to be affected or reversed, or whether the judgment or decree is one granting a divorce or one awarding permanent alimony. It is too clear for discussion that a decree awarding permanent alimony is a decree rendered "in an action for divorce," and consequently is within the purview of the statutory provision hereinbefore recited. This conclusion is supported by a consideration of the divorce act as a whole, for in section 7 thereof the matter of permanent alimony is referred to as one which may be provided for by an "order and decree," and in the latter part of section 12 it is provided that where the requisite notice is filed, and proper application made for a writ of error, the Supreme Court may "review any and all of the proceedings and decree of the trial court," thus indicating that a review of matters pertaining to permanent alimony is as much dependent upon the filing of the notice as is a review of so much of the decree as grants a divorce.

The motion to dismiss the writ of error is granted.

Writ dismissed.

Decision *en banc.*

Mr. Justice Scott not participating.

Decided October 6th, A. D. 1919.    Rehearing denied December 1, A. D. 1919.