## No. 10,108.

### WILLOUGHBY *v.* WILLOUGHBY.

Decided May 1, 1922.

Action for divorce. Petition of defendant to set aside findings and conclusions, granted.

*Affirmed.*

1. DIVORCE AND ALIMONY—*Decree.* The innocent party in a divorce action cannot be forced to take a divorce against his or her will.

2. *Property Rights—Contract.* The dissolution of the marriage is no part of a contract settling the property rights of the parties.

3. *Party in the Wrong has no Vested Right in Interlocutory Decree.* In an action for divorce, plaintiff is entitled to a decree if he can prove his allegations; but if he withdraws his com-

plaint and the case proceeds upon the cross-complaint of defendant, he is left in the wrong and can have no vested right in any interlocutory decree against him based on his own guilt.

4.  *Property Rights—Tender.* It is not necessary in a divorce proceeding, for a wife to tender a return of what has been paid her under a contract settling property rights, before she can petition the court to set aside findings in her favor, and dismiss her cross-complaint.

5.  *Procedure—Setting Aside . Findings—New Trial.* It is not necessary for the court after setting aside findings and conclusions in an action for divorce, to grant a new trial. The action may be dismissed on proper motion.

6.  *Dismissal of Complaint—Collusion.* A complaint in a divorce action is properly dismissed, where it is withdrawn with the understanding that defendant will prosecute under her cross-complaint and if she fails to do so the complaint may be reinstated.

Such understandings are against public policy and void.

7.  COSTS—*Discretion.* Costs are within the sound discretion of the court, and unless the discretion is abused, orders relating thereto will not be disturbed on review.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. JOHN HORNE CHILES, Mr. JACOB L. SHERMAN, for plaintiff in error.

Mr. NATHANIEL HALPERN, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE district court granted the motion of defendant in error to set aside findings and conclusions and an interlocutory decree of divorce, rendered on her cross-complaint, dismissed the case and charged the costs to the husband, plaintiff below. He brings error.

Lou F. Willoughby brought suit against Gean S. Willoughby for divorce, alleging cruelty; she answered with general denial and added a cross-complaint for desertion.

The case was tried October 4, 1920.  At the trial counsel for plaintiff stated that they desired to try the case on the cross-complaint, that it was not their purpose to rely on the complaint.  No order was then made, however, dismissing the complaint, but the case proceeded to trial on the cross-complaint.  On the following day the court signed the usual findings of fact, conclusions of law and interlocutory decree.  When the six months was nearly gone defendant filed a petition under S. L. 1917, p. 184 § 10, to set aside the findings and conclusions on specified grounds, and prayed that the findings and conclusions be set aside and a new trial granted, for leave to amend her complaint to ask for separate maintenance, that if no amendment were allowed that the suit be dismissed without prejudice and that all contracts, if any, be set aside.

The plaintiff answered this petition with denials and set up a contract or stipulation with his wife made after her cross-complaint was filed, which, after reciting that plaintiff had brought suit, that defendant had filed a cross-complaint, that the parties had voluntarily settled their property rights and claims and that he had "fully informed the defendant of his exact financial condition, and the defendant is thoroughly conversant therewith, and each of the parties hereto have made a full statement of each other's rights," provided as follows:

"That for and in consideration of the sum of $2000 to be paid by the plaintiff to the defendant in the sums of $85.00 per month regular installments, the said defendant does hereby release and relinquish all her right, title and interest, claim and demand of any kind or nature whatever, in and to any property of the said plaintiff regardless as to whether or not the above entitled cause is dismissed and does hereby relinquish and forever discharge the plaintiff of and from any and all rights, claim or demand of the said defendant, which she might have as heir of the said plaintiff or otherwise, and should the said entitled cause be dismissed, and the said defendant survive the said plaintiff, this contract and stipulation may be exhibited in any court

of probate wherein the estate of the plaintiff may be filed for settlement as a full and complete bar against the defendant to the recovery of any part of the estate should the said defendant survive the said plaintiff."

"It is further stipulated and agreed that the above named plaintiff shall convey the premises known as 1351 Garfield street, together with all the furniture and furnishings therein contained to the defendant above named. It is further stipulated and agreed that the above named plaintiff shall cause to be dismissed that certain case now pending in the district court of Denver, Colorado, known as Mary E. Jewett vs. Mrs. L. F. Willoughby, case No. 72089, in Div. 3; that the said cause shall be dismissed with prejudice at the cost of the plaintiff in said cause; that on the trial of this cause if the decree be in favor of the defendant, the plaintiff shall pay counsel fees of the defendant to the extent of $250.00 additional to that which has already been paid, and the court costs to be taxed in this suit."

He also alleged performance of this contract on his part up to that time.

The court without taking evidence granted the motion to set aside the findings and conclusions, but did not grant a new trial nor leave to amend nor leave to dismiss without prejudice, and did not set aside the contract. The order was as follows:

"This cause having been heretofore submitted to the court and by the court taken under advisement upon defendant's motion to set aside findings of fact and conclusions of law and dismiss case, and the court being now sufficiently advised in the premises, doth grant said motion and judgment of dismissal ordered entered as to the complaint and cross-complaint with prejudice as to both parties, but without prejudice on part of defendant to interpose a counterclaim based upon the same cause of action if plaintiff should hereafter sue upon the same cause of action, but this judgment of dismissal is not in any way to affect the rights of the parties or prejudice the rights

of defendant with reference to the stipulation concerning alimony heretofore entered into by the parties hereto."

The plaintiff moved for a final decree but the motion was denied.

The first and principal assignment is that the court erred in setting aside the findings and conclusions and in denying plaintiff's motion for a final decree. We think the court was right. To refuse would be to force defendant, the innocent party, to take a divorce against her will. *Milliman v. Milliman,* 45 Colo. 291, 101 Pac. 58, 22 L. R. A. (N. S.) 999, 132 Am. St. Rep. 181. We do not agree with plaintiff in error that S. L. 1917, p. 184, § 10 changes the law in this respect. We can see nothing to indicate such intention. Some other states hold likewise and some otherwise, but we agree with the principle on which this court rested the Milliman decision.

The plaintiff in error claims that the motion should not have been granted because its purpose was not to effect a reconciliation but to get more money out of him. That may have been its purpose, but without it, if she has good ground to annul the contract for alimony and to get more, she has a remedy even with the interlocutory decree or a final decree in force, and his protection against the injustice he fears is in a defense to such proceeding as she may institute to that end.

The dissolution of the marriage is no part of the contract. The contract would be unlawful if it were. It is a separate matter. The granting or denying the petition to set aside the findings, or the signing or refusing to sign the final decree can have no bearing on the contract. Were we to hold otherwise we should sanction the purchase of a divorce, which, however often it be done covertly, is a violation of law, public policy and decency.

A decree upon his complaint plaintiff was entitled to if he could prove the allegations, but having withdrawn it, he is left in the wrong. *Adams v. Adams,* 57 Misc. Rep. 150, 106 N. Y. Supp. 1064. He is the guilty party and can

have no vested right in any interlocutory decree against him based on his own guilt.

Plaintiff in error insists that defendant should have tendered a return of what he has given her and paid for her use pursuant to the contract. That may be true when she brings proceedings to annul the contract, but it follows from what we have said that it was not necessary for her to make such tender to support her proceeding to set aside the findings and dismiss her cross-complaint.

Counsel claim that under said section 10 of the act of 1917, the court, upon setting aside the findings must grant a new trial and cannot dismiss. That cannot be important because a plaintiff or cross-complainant could dismiss after the granting of a new trial.

It is urged that the court should not have dismissed plaintiff's complaint. That was done because the plaintiff in effect withdrew it and the court proceeded upon the theory that upon the withdrawal at the trial it ought then and there to have been dismissed. The court was right. The theory of the objection, when analyzed, is that since he withdrew his complaint upon an understanding that defendant would prosecute her cross-complaint, the complaint should be reinstated because she failed to keep her agreement. Such understandings are against public policy and void. If the complaint was false, for that reason it ought not to be reinstated, and if it was true, his understanding amounted to an agreement to give her a divorce to which she was not entitled and was therefore collusive, and for that reason the complaint ought not to be reinstated.

It follows from what has been said that plaintiff in error has no legal interest in the interlocutory decree or in the pendency of the suit. The only ground on which he claims such interest is his contract and partial performance thereof, and we have seen that any dependence of that contract upon the divorce would make it unlawful.

Plaintiff in error complains that the costs of the proceeding were charged to him. Costs are in the sound discretion

of the court and we cannot see sufficient reason for reversing the order.

Judgment affirmed.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.