## No. 10,633.

### DIEGEL *v.* DIEGEL.

Decided May 7, 1923.

Proceeding involving modification of a decree for payment of alimony. Motion to dismiss writ of error.

*Writ Dismissed.*

1. DIVORCE AND ALIMONY—*Jurisdiction.* A court rendering a decree of divorce retains jurisdiction to modify provisions thereof relating to alimony, division of property or a money judgment.

2. *Modification of Alimony Decree—Review—Notice.* A later judgment in the same action, modifying or refusing to modify that part of the original divorce decree awarding alimony, is a judgment in a divorce action, and one seeking to have reviewed such a judgment must comply with the provisions of section 5605, C. L. 1921, concerning notice of application for writ of error.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Messrs. BARKER, LINDSTROM & WEBSTER, for plaintiff in error.

Mr. THOMAS E. WATTERS, Mr. PERCY S. MORRIS, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN an action for divorce in the district court of the City and County of Denver, Helen Diegel, as plaintiff, secured a decree of divorce from W. Maynard Diegel. The decree was in the usual form dissolving the marriage relation, and included a money judgment against the defendant for $1090.00, to be paid in monthly installments as specifically provided by the terms of the decree. This money award was based upon an agreement of the parties, made out of court, and which both of them asked to be included in the decree. This agreement embodied not only the costs and expenses of the divorce action, but was a settlement, and in full satisfaction, of all property rights and other matters which either party asserted against the other. Thereafter the plaintiff remarried. Under section 7 of our Divorce Act of 1917, (C. L. 1921, section 5599), this remarriage relieved the former husband, the defendant herein, from the further payment of alimony to the plaintiff. The defendant thereafter filed a petition in the district court in the divorce action for a modification of the decree by vacating the provision therein of a money judgment. The district court refused to grant the relief and dismissed the petition. The defendant, the former husband, has sued out a writ of error from this court to review the judgment and order of the district court dismissing his petition to modify, and defendant in error moves to dismiss the writ.

The ground of the motion is that the plaintiff in error, being the party to the action against whom the decree of divorce was granted, did not file within five days from the day on which such dismissal order was granted, or at all, with the clerk of the district court, a written notice that he will apply within sixty days from the date of said order to the Supreme Court for a writ of error to review the same, which section 12 of the Divorce Act makes imperative. It would seem from the decision of this court in *Chamberlain v. Chamberlain*, 66 Colo. 562, 185 Pac. 354, that this motion was well taken. Plaintiff in error, however, vigorously insists, notwithstanding the decision in

the Chamberlain case, that section 12, (C. L. 1921, section 5605), should be so construed as to make two classes of decrees or judgments under this Act, to one of which the requirement of notice should, and to the other class it should not, apply. His chief argument seems to be, as applied to the concrete facts of this case, if such a notice must be given within five days from the day on which the final decree of divorce was granted, that it would be impossible to comply therewith, for the remarriage took place more than five days after the date of the original decree.

The statute will bear no such interpretation. The fundamental error in the argument is that it assumes that the one and only final decree in a divorce action is not a single decree, but consists of several separate and distinct decrees, and that the computation of time is to be made in all cases with reference to the date of the original decree. There is but one final decree in a divorce suit, although it may consist of different provisions, one for a dissolution of the marriage relation, another for security for the payment of alimony, and various other provisions embodied in the one instrument. It does not follow that no relief can be given to either party where application has been made for a modification after the expiration of five days from the day the original decree was granted. The defendant is not entitled to relief here, not because his application was made after the expiration of five days from the date of the original decree, but because he failed to file the prescribed written notice within five days from the day on which the order of the court dismissing his petition to modify was made. We are not passing upon the merits of the application, but we say that the court rendering a decree of divorce retains jurisdiction to modify provisions thereof relating to alimony, division of property or a money judgment. Its jurisdiction is continuous. *Stevens v. Stevens,* 31 Colo. 188, 72 Pac. 1061; *Prewitt v. Prewitt,* 52 Colo. 522, 122 Pac. 766.

A later judgment in the same action modifying, or re-

fusing to modify that part of the original divorce decree awarding alimony, is a judgment in a divorce action, and as clearly subject to the requirement of notice as to a review, as is the original judgment or decree. This case is squarely within the doctrine of the Chamberlain case, *supra,* where the court said that the requirement of section 12 "does not limit such requirement only to the obtaining of a review of that part of the decree which grants a divorce. The filing of the written notice is made a prerequisite to securing a review of 'any judgment or decree  *  *  *  in an action for divorce,' and it is immaterial what part of the judgment or decree it is sought to be affected or reversed, or whether the judgment or decree is one granting a divorce or one awarding permanent alimony." A decree awarding permanent alimony, or a judgment modifying, or refusing to modify, the original award of alimony, is a decree or judgment rendered "in an action for divorce", and consequently within the purview of the statutory provision mentioned. The defendant did not, and, under the facts, we do not say he could, begin a new and independent suit in equity to secure relief. That was the case of *Jewel v. Jewel,* 71 Colo. 470, 207 Pac. 991. It was held there, as the county court, in which the original divorce decree was granted, had not jurisdiction to award the relief to which the dissatisfied wife was entitled, a court of equity by virtue of its general power has authority, when changed circumstances make it just, to modify the decree as to alimony. But defendant is not prosecuting an independent suit in equity. He is seeking relief in the divorce action, and is bound by the provisions of the divorce act.

The writ of error is dismissed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.