## No. 10,685.

## PERRY *v.* PERRY.

Decided October 1, 1923.

On motion to dismiss writ of error.

### *Writ Dismissed.*

1. DIVORCE—*Writ of Error.* A compliance with section 5605, C. L. '23, relating to writs of error, is necessary in order that an aggrieved party may have a 'writ of error from the Supreme Court to review any judgment, order, or decree in a divorce action.

2. APPEAL AND ERROR—*Court Discretion.* Granting or refusing an application under section 81 of the Code, is discretionary with the trial court, and not reviewable except in case of a gross abuse of that discretion.

*Error to the County Court of . Arapahoe County, Hon. George W. Dunn, Judge.*

Mr. FRANK L. GRANT, for plaintiff in error.

Mr. A. M. KIME, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is a writ of error to review a judgment or order of the county court of Arapahoe county denying a motion of plaintiff in error, filed in a divorce action, and asking to have the decree of divorce theretofore rendered therein against her vacated and set aside, and to permit her to answer to the merits of the original action. The application was evidently based upon section 81 of our Code, which provides that the trial court may allow, on such terms as may be just, a judgment defendant to answer to the merits of the original action when the summons has not been personally served upon him, if application therefor is made within one year after rendition of the judgment. There

are averments in the motion which apparently were intended as statements that the court did not have jurisdiction of the person of the defendant, and, therefore, was not authorized to render a decree of divorce. But plaintiff in error disavows her purpose on this review to question the validity of that decree on any ground. She complains only of the alleged erroneous order of the county court in refusing to open up the action and give her permission to answer to the merits. We shall accept her theory and treat the application as based upon section 81 of the Code, and regard as surplusage references to lack of jurisdiction.

The action in which the motion in question was filed was a divorce action. No objection is made here to the findings of fact or to the decree of divorce based thereon. The only order asked of the county court was permission to the defendant in the divorce action to answer to the merits. Section 5605 C. L. 1921, of our divorce statute provides that no writ of error shall be allowed from the Supreme Court to review a judgment or decree of any court in an action for divorce, unless the party against whom the decree is granted shall, within five days thereafter, file with the clerk of the court a written notice that he or she will, within sixty days from the date of such order or decree, apply to the Supreme Court for a writ of error to review the same. The plaintiff in error did not file with the clerk of the county court such a written notice, or any notice, nor did she apply for a writ of error within the sixty days specified. In other words, there was an entire failure on her part to comply with the provisions of section 5605 *supra* for a review by this Court of the judgment she complains of.

In *Chamberlain v. Chamberlain,* 66 Colo. 562, followed by *Diegel v. Diegel,* 73 Colo. 330, 215 Pac. 143, we have held that compliance with section 5605 *supra* is necessary in order that an aggrieved party may have a writ of error from this Court to review any judgment, order or decree rendered in a divorce action. The order of which plaintiff in error complains was rendered upon her application,

filed in a divorce action. Plaintiff in error cites *Balfe v. Rumsey, et al.,* 55 Colo.' 97, 133 Pac. 417, Ann. Cas. 1914C, 692, as authority for her right to prosecute this writ. The decision there is not what is claimed for it. In that case, which was not a divorce action, and to which our divorce act has no application, a motion was filed a number of years after the rendition of the judgment to recall the execution issued thereunder and to stay further proceedings under it, upon the ground that the judgment debtor had not appeared in the original action, and there had been no service of summons. The court there treated the motion for relief as equivalent to, and as a substitute for, a bill in equity to set aside the judgment on the ground that it was rendered without jurisdiction, and that the judgment upon the motion denying relief was reviewable the same as if it had been rendered in such an equity suit. By treating the application of the plaintiff in error merely as one for leave to answer in the original action on the merits, and not as an attack on the validity of the divorce decree, since she failed to observe the requirements of the section of the divorce act by which only she would have a right to a review, in this Court, this writ of error must be dismissed because of such failure.

Granting or refusing an application under section 81 of the Code is discretionary with the trial court and not reviewable by this tribunal, except in case of a gross abuse of that discretion. The hearing below was upon affidavits and counter affidavits and in every essential respect there was a serious conflict. It may be that we might dismiss the writ because no abuse of judicial discretion is shown. However, we withhold opinion on that point and dismiss it on authority of the two cases cited for a failure of plaintiff in error to comply with the statutory conditions mentioned. The result of our decision is that the plaintiff in error will not be prevented, by the dismissal of the present writ of error, from prosecuting, if she sees fit, and if she has sufficient grounds therefor, an independent suit in

equity to set aside the divorce decree for lack of jurisdiction of the county court to pronounce it.

Writ dismissed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.