## No. 10,166.

### MILLER v. MILLER.

Decided October 1, 1923.   Rehearing denied November 5, 1923.

On motion to dismiss writ of error.

### *Writ Dismissed.*

1.   DIVORCE AND ALIMONY—*Writ of Error.*   In an action for divorce, a judgment for contempt for failure to pay alimony is not reviewable by writ of error in the Supreme Court, unless the notice is filed as required by section 5605, C. L. '21.

*Error to the District Court of Rio Blanco County, Hon. John T. Shumate, Judge.*

Mr. FRANK DELANEY, for plaintiff in error.

Mr. S. N. WHEELER, Mr. S. HARRISON WHITE, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

UPON the filing of the record, and on application of the plaintiff in error, a writ of error was issued by this Court to review a judgment of the district court, rendered in a divorce action, adjudging him guilty of contempt for refusing to comply with a previous order of the court directing him to pay temporary alimony.  Heretofore, the defendant in error entered a special appearance herein and moved to dismiss the writ of error solely upon the ground that the order sought to be reviewed was reviewable only

in connection with a review of the decree of divorce itself, and, as the case below had not proceeded to a final decree, jurisdiction here was lacking. This motion was denied. At the time, our attention was not directed to the fact that the plaintiff in error had not filed with the clerk of the trial court, within the prescribed 5 days, a written notice that he would, within 60 days from the date of the contempt order, apply to the Supreme Court for a writ of error to review the same. Had our attention been called to such failure, we would have dismissed the writ upon the authority of *Chamberlain v. Chamberlain*, 66 Colo. 562, 185 Pac. 354, followed in *Diegel v. Diegel*, 73 Colo. 330, 215 Pac. 143 and in *Perry v. Perry*, 74 Colo. 106, 219 Pac. 221. These cases are authority for the proposition, that any judgment or decree "in an action for divorce" is not reviewable by writ of error in this Court, unless such written notice is filed therein. The statute reads: "No writ of error shall be taken or allowed or prosecuted from the supreme court to review a judgment or decree of any court in an action for divorce," in the absence of such filing. As the contempt order herein was rendered in an action for divorce, and the plaintiff in error against whom it passed, failed to comply with the condition precedent upon which the right to the writ rests, this writ of error must be, and it is accordingly, dismissed.

Writ dismissed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.