No. 10,886.

HUFF v. HUFF.

Decided March 2, 1925.

Petition to modify decree for payment of alimony. Petition dismissed.

*Reversed.*

1. DIVORCE AND ALIMONY—*Modification of Decree—Jurisdiction.* A court has jurisdiction to modify a decree as to permanent alimony at a term subsequent to that at which the decree was entered and before the completion of the payments therein provided, without regard to section 81 of the Code of '21.

2. COURTS—*Decisions—Dictum.* The adjudication of a point within the issues presented by a case, cannot be considered as dictum.

*Error to the District Court of El Paso County, Hon. Wilbur M. Alter, Judge.*

Messrs. ORR & LITTLE, Mr. HENRY T. MCGARRY, for plaintiff in error.

Mr. SAMUEL H. KINSLEY, Mr. LEON H. SNYDER, for defendant in error.

*En banc.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

ON November 29, 1921, a final decree of divorce was entered in a cause wherein the plaintiff, a wife, sued for divorce and alimony. The decree embodied an award of permanent alimony to plaintiff in the sum of $7,400, payable in installments of $100 at certain times and other stated amounts at other times thereafter. About two years after the entry of the decree, and on November 27, 1923, the defendant filed a petition, in the same case, to modify the decree in so far as it concerns installments of permanent alimony to accrue in the future. The petition shows payments of the installments theretofore accrued, amounting to $2,900, and that the future installments under the decree would amount to $4,500. The petition alleged changed circumstances of defendant.

The plaintiff demurred to this petition upon the ground that the court is without jurisdiction to modify the decree. The demurrer was sustained, and the petition dismissed. The defendant brings the cause here for review. The sole question to be determined arises from the sustaining of the demurrer, and is: Did the court have jurisdiction to modify the decree as to permanent alimony at a term subsequent to that at which the decree was entered, and be-

fore the completion of the payments therein provided, without regard to section 81 of the Code of 1921?

Section 5599, C. L. 1921, provides, among other things, as follows: " * * * and when a divorce has been granted the court may make such order and decree providing for the payment of alimony and maintenance of the wife and minor children or either of them as may be reasonable and just, * * *."

The divorce statute contains no other provision pertinent to the question now before us. The clause above quoted is practically identical with that found in the divorce statute existing at the time of the decision of this court in *Stevens v. Stevens,* 31 Colo. 188, 72 Pac. 1061. There the question decided was the question presented now, and this court said: "By virtue of the general equity powers of a court granting a divorce, as well as by virtue of the provision of section 9 of the divorce act, * * * such court has the authority to modify the decree relative to alimony payable in the future, * * * as the changed circumstances of the parties may render necessary and just. * * *"

The Stevens Case was followed in *Prewitt v. Prewitt,* 52 Colo. 522, 122 Pac. 766, and cited with approval in *Diegel v. Diegel,* 73 Colo. 330, 215 Pac. 143, and in *Jewel v. Jewel,* 71 Colo. 470, 207 Pac. 991. The defendant in error contends that the majority opinion in the Stevens Case is merely dictum because the court, by reason of the facts mentioned in the dissenting opinion, might have treated the case as moot, or disposed of it on other grounds. This contention is not well taken. The majority opinion in the Stevens Case was an adjudication on the point within the issues presented by the case, and cannot be considered as dictum. 15 C. J. 952. The Stevens Case is decisive of the instant case. There is no sufficient reason for overruling *Stevens v. Stevens, supra,* and *Prewitt v. Prewitt, supra.* The rule there announced is adhered to. It follows that the trial court did have jurisdiction to modify the decree, and that it erred in sustaining the demurrer.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

MR. JUSTICE SHEAFOR not participating.