No. 11,017.

HULTQUIST *v.* HULTQUIST.

Decided May 4, 1925.

Action for divorce. Temporary alimony awarded plaintiff.

*Writ of Error Dismissed.*

1. APPEAL AND ERROR—*Divorce and Alimony.* A judgment awarding temporary alimony is final in the sense that it may be reviewed by writ of error when rendered in a divorce action.

2. DIVORCE AND ALIMONY—*Review.* No writ of error from the Supreme Court may be taken to review any judgment or decree in a divorce action unless the notice prescribed by section 5605, C. L. '21, is given.

*Error to the District Court of Yuma County, Hon. H. E. Munson, Judge.*

Mr. WALTER S. COEN, Mr. WILLIAM B. PAYNTER, Mr. OMER T. MALLORY, for plaintiff in error.

Messrs. ALLEN, WEBSTER & DRATH, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN a divorce action there was an award of temporary alimony to the plaintiff, Jennie S. Hultquist, to review which

the defendant John Hultquist sued out this writ of error. In a companion case No. 10998, a lunacy proceeding, *Jennie S. Hultquist, Plaintiff in Error v. People of the State of Colorado, Defendant in Error*, 77 Colo. 310, 236 Pac. 995, which was argued orally with the instant case, some of the questions here raised are there decided. We make no application of that decision to this controversy at this time, as this writ of error must be dismissed for want of jurisdiction and it would not be proper now to discuss the case on its merits.

A judgment awarding temporary alimony is final in the sense that it may be reviewed by a writ of error when it is rendered in a divorce action. This court in a series of cases, beginning with *Chamberlain v. Chamberlain*, 66 Colo. 562, 185 Pac. 354, followed by *Diegel v. Diegel*, 73 Colo. 330, 215 Pac. 143, *Perry v. Perry*, 74 Colo. 106, 219 Pac. 221, and *Miller v. Miller*, 74 Colo. 143, 219 Pac. 783, has decided that under the restriction of section 5605, C. L. 1921, no writ of error from the Supreme Court shall be taken or allowed or prosecuted to review any judgment or decree of any court rendered in an action for divorce unless the unsuccessful party shall within five days from the date thereof file with the clerk of the court a written notice that he or she will apply within sixty days from the date of the said judgment or decree for a writ of error. This notice was not given in this case. The reasons for the ruling are given in the cited cases and need not be repeated. We are obliged, therefore, to dismiss this writ of error for lack of jurisdiction to maintain it.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.