No. 11,306.

## LEDNUM *v.* LEDNUM.

Decided September 14, 1925.

Proceedings in divorce action to review an order allowing counsel fees.   On motion to dismiss writ of error.

*Motion Sustained.*

1.   DIVORCE AND ALIMONY—*Counsel Fees—Review.* In an action for divorce, an order to pay counsel fees is so far final as to be subject to review by the Supreme Court on writ of error, when the right to the writ itself exists.

2.   *Review—Notice.* The Supreme Court is without jurisdiction to review an order or decree rendered in a divorce action unless the notice prescribed by section 5605 C. L. '21 is given.

3.   APPEALS AND WRITS OF ERROR—*Statutory.* In Colorado appeals and writs of error—except writs of error to the county court—are statutory.

4.   DIVORCE AND ALIMONY—*Review—Notice.* The giving of the notice prescribed by section 5605, C. L. '21, is jurisdictional and cannot be waived by the parties.

*Error to the District Court of the City and County of Denver, Hon. James C. Starkweather, Judge.*

Mr. F. A. WILLIAMS, Mr. EDWIN H. PARK, for plaintiff in error.

Mr. PHILIP HORNBEIN, Mr. GOLDING FAIRFIELD, Mr. THEODORE EPSTEIN, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN this action by the wife against the husband to dis-

solve the marriage relation, the district court upon the application of the plaintiff wife made an order requiring the defendant husband, plaintiff in error here, to pay $750.00 for the use of her counsel. An order to 'pay counsel fees is so far final as to be subject to a review by this court on a writ of error when the right to the writ itself exists. *Daniels v. Daniels,* 9 Colo. 133, 10 Pac. 657. The defendant in error moves to dismiss this writ of error which plaintiff in error sued out to review the award of counsel fees on the ground that the writ was inadvertently issued, and, under the facts, is not maintainable under our divorce act. C. L. 1921, sec. 5605. This section declares that no writ of error shall be taken or allowed or prosecuted from the Supreme Court to review any judgment or decree of any court in an action for divorce, unless the party against whom such decree or order passed shall, within five days from the time of its rendition, file with the clerk of the trial court a written notice that he will within sixty days from the date of the order or decree apply to the Supreme Court for a writ of error to review the same. Plaintiff in error concedes that the notice was not given in this case but insists in a plausible but unsound argument that such notice is not indispensable, but might be and was waived by the conduct of counsel for defendant in error in these three particulars: First, defendant in error was present in court by counsel when the plaintiff in error was granted a stay of execution for thirty days and given sixty days for tendering a bill of exceptions; second, that defendant objected to the bill of exceptions and argued exceptions thereto when the bill was presented for approval; third, the defendant in error accepted a copy of the petition for a supersedeas and brief in support thereof without raising the point at any time, until this motion to dismiss was filed, that the writ of error was not maintainable because of a failure of plaintiff in error to file with the clerk the prescribed written notice of his intention.

The fundamental error underlying the contention of

plaintiff in error is in assuming that the giving of this notice is not an essential step in the procedure leading up to an issuance or prosecution of a writ of error. In the first and leading case construing this section of the divorce act (*Chamberlain v. Chamberlain,* 66 Colo. 562, 185 Pac. 354), we dismissed the writ on motion of defendants in error on the ground that the Supreme Court could not review any order or decree entered in a divorce action unless the aggrieved party had filed the written notice with the clerk of the court within the specified time. This was as emphatic a declaration as could well be made that the Supreme Court was without jurisdiction to review an order or decree rendered in a divorce action unless the prescribed notice is given. The doctrine of this case was approved in *Diegel v. Diegel,* 73 Colo. 330, 215 Pac. 143; *Perry v. Perry,* 74 Colo. 106, 219 Pac. 221 and *Miller v. Miller,* 74 Colo. 143, 219 Pac. 783; and other cases.

In this state appeals and writs of error are creatures of statute with the sole exception that a writ of error lies to every final judgment of a county court. The procedure in the taking and perfecting of appeals and writs of error in all cases is statutory. It is competent for the General Assembly to restrict, as it did in the statute before us, the granting of writs of error by the Supreme Court in a divorce action. It is evident that the General Assembly by the statute declared it to be the public policy of the state not to permit reviews by this court of decrees and orders in a divorce action unless the unsuccessful party within a limited time filed with the clerk of the court notice of his intention to do so. It is not important why our General Assembly so declared. It had such power and we must enforce its declaration.

In *Carr v. State of Kansas,* 1 Kan. 331, the Supreme Court of that state construed a section of the Kansas Code of Criminal Procedure for appeals to the Supreme Court. The statute provided that when an appeal is taken by the state there must be service of a notice on the clerk of the court where the judgment is entered stating that

the appellant appeals from the judgment. If taken by the defendant a similar notice must be served on the prosecuting attorney. It was held that the appearance of the appellee to make an argument on the merits where the service on the clerk was not proved, was not sufficient to give the court jurisdiction of the appeal. In *Doerr v. Life Association,* 92 Iowa, 39, 60 N. W. 225, was considered a statute which authorized an appeal by the serving of notice on the adverse party or his agent or attorney who appeared for him, and also upon the clerk of the court. An attempt was made by the appellant to take an appeal under this statute but he failed to sign the notice by himself or attorney. The appellee appeared in response to this unsigned paper, filed his argument on the merits and did not object to the jurisdiction of the court until after the time had expired in which the proper notice might have been served upon him. It was contended in these circumstances that the defect in the alleged notice by acceptance thereof by the appellee and his appearance waived the notice. The court held that parties cannot by consent present their cases to the Supreme Court without taking the necessary steps to confer jurisdiction. This doctrine was followed in the later case of *State Savings Bank v. Ratcliffe,* 111 Iowa, 662, 82 N. W. 1011, the court holding that the service of such a notice is jurisdictional and consent of parties to waive the notice is futile to confer jurisdiction.

We have not deemed it necessary to consider the point raised by counsel for the defendant in error that their conduct in the particulars alleged did not constitute a waiver, even if a waiver by a party is competent. It is not necessary to pass upon this contention because it is clear that the giving of the notice is jurisdictional and cannot be waived by the parties.

Motion to dismiss writ granted.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.