No. 11,335.

JOHNSON *v.* JOHNSON.

Decided October 19, 1925.

Action in divorce. On motion for alimony pending proceedings in the Supreme Court.

*Motion Denied.*

1. DIVORCE AND ALIMONY—*Alimony—Supreme Court.* A motion for alimony, under proper circumstances, may be granted in the Supreme Court, but not when the wife is plaintiff in error, unless probable error appears.

2. PLEADING—*Verification.* Where a party would have been permitted to verify her petition, if the court had thought it had jurisdiction to entertain it, it should be treated as verified on review.

3. DIVORCE AND ALIMONY—*Jurisdiction.* In ordinary cases the court granting alimony retains power to modify the grant indefinitely.

4. *Review—Alimony—Probable Error.* On consideration of a motion for alimony by a wife plaintiff in error in the Supreme Court, it is held, under the facts disclosed, that it is improbable that error was committed by the trial court.

5. REMEDIES—*Audita Querela.* Audita querela is not available to a plaintiff.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Mr. HENRY J. HERSEY, Mr. C. A. BAILEY, for plaintiff in error.

Mr. HORACE N. HAWKINS, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS is upon a motion for alimony, suit money and attorneys' fees pending the proceedings in this court.

This court has held in *Pleyte v. Pleyte*, 15 Colo. 44, 125, 24 Pac. 579, 25 Pac. 25, and other cases, that such a motion, under proper circumstances, ·may be granted here, but that it will not be granted when the wife is plaintiff in error unless probable ˙error appears. Was there probable error? The pertinent facts are as follows:

The plaintiff in error, Edna Johnson, brought suit against her husband, in the district court of Denver, and alleged an ante-nuptial contract between them to accept and pay $5,000 "as full and permanent alimony" in case there should be a divorce; and in pursuance thereof she asked five thousand dollars alimony, "the same when paid to be in full settlement, release and discharge of all her rights or claims against the defendant or his estate." She made oath to the complaint; she obtained an interlocutory decree thereon in substance as she had prayed, and the defendant paid the $5,000 in full. She did nothing further until the lapse of sixteen months after the entry of the interlocutory decree, when she moved to modify that portion of it with reference to alimony on the ground that she had been coerced by the defendant to sign the agreement by a threat that he would not marry her unless she did; that he had overcome her scruples of chastity before this threat; that he coerced her into bringing the suit and asking alimony in the way she did by threatening that if she did not he would contest the suit and expose her former conduct with him and that, yielding to this coercion,

she brought suit. She prayed in her motion that the interlocutory decree with regard to alimony be set aside. The defendant moved to strike out this motion and moved for final decree of divorce. Both his motions were granted. She applied to the district court for further suit money, attorneys' fees and alimony pending a writ of error from this court, which was denied. She now comes here with the record and asks for alimony, suit money and attorneys' fees, as above stated.

The defendant says that the motion to modify was not filed in due time, and therefore the court had no jurisdiction over its former judgment, and that it was a motion and not a petition, as required by the statute and was not verified as required by statute. We do not think the name of it is material, and as far as the verification is concerned, she asked leave to verify and the court would doubtless have granted that leave if it had not been of the opinion that it had lost jurisdiction by the lapse of the six months. We ought to treat it, therefore, as a verified petition. The question is what is the effect of failure to file within the six months? There can be no doubt that in ordinary cases the court granting alimony retains power to modify the grant indefinitely (*Willoughby v. Willoughby*, 71 Colo. 356, 360, 206 Pac. 792), and, if this were such a case, the court undoubtedly had jurisdiction to entertain the motion for modification, and, therefore, the granting of the motion to strike it out would be erroneous; but here the court, upon the prayer of the plaintiff, has enforced a contract which she alleged under oath, claiming it for her own benefit, which contract and the decree pursuant thereto bars her from any further alimony. It follows that if this was a petition to set aside the decree under the divorce statute, it was too late; but if it was a petition for modifying the alimony order, it amounts to a petition to modify a decree enforcing a specific contract which has since been fulfilled in accordance with the decree, and upon either horn of the dilemma it is not probable but improbable that error was committed.

It is probably true that a party to a judgment may have *it* set aside at common law by audita querela and perhaps by bill in equity, and, under the code, by proceeding equivalent to either one, and perhaps this motion may be regarded as such a proceeding, but if the plaintiff was coerced she knew she was coerced when she was coerced, yet she accepted all the fruits of her decree. The presumptions, therefore, are against her. Then too audita querela is not available to a plaintiff, and a bill in equity by a plaintiff to set aside his own judgment, rendered according to his prayer, all the fruits of which he has taken, procured on his own sworn allegations which his bill says were false, would be a very strange thing.

Motion denied.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.