No. 11,485.

WESTON v. WESTON

Decided December 6, 1926.

Proceeding to modify judgment for payment of alimony. Decree for petitioner.

*Reversed.*

1.  ALIMONY—*Decree—Modification.* Judgment of the trial court reducing monthly payments of alimony will not be disturbed on review under the objection that the evidence does not justify the change.

2.      *Accrued Payments—Discharge.* Courts have no power to so modify a judgment for alimony as to release a party from the payment of amounts which have accrued under the provisions of the original decree.

*Error to the District Court of the City and County of
Denver, Hon. George F. Dunklee, Judge.*

Mr. HENRY E. MAY, Mr. ALBERT E. BOGDON, for plaintiff in error.

Mr. LUKE J. KAVANAUGH, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the
court.

GAUDALUPE WESTON had a decree for separate maintenance by monthy payments. After many payments
were in default the court modified the decree, inter alia,
by changing the future payments from $80 to $30 and
adjudging that the alimony accrued and unpaid be considered as paid in full. She brings error.

She claims: (1) That the evidence does not justify
the change from $80 to $30; (2) that the court has no
power to modify a decree for accrued alimony.

Upon the first point, the trial court is in a better position to judge than we. As to the second, we are forced
to say that plaintiff in error is right. *McGregor v. Mc-
Gregor,* 52 Colo. 292, 122 Pac. 390; *Sistare v. Sistare,* 218
U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.)
1068, 20 Ann. Cas. 1061. See, also, *Craig v. Graig,* 163
Ill. 176, 45 N. E. 153; *Kell v. Kell,* 179 Iowa, 647, 161 N.
W. 634; *Beers v. Beers,* 74 Wash. 458, 133 Pac. 605;
*Livingston v. Livingston,* 173 N. Y. 377, 66 N. E. 123,
61 L. R. A. 800, 93 Am. St. Rep. 600; *Delbridge v. Sears,*
179 Iowa, 526, 160 N. W. 218; *Myers v. Myers,* 62 Utah,
90, 218 Pac. 123, 30 A. L. R. 74.

Defendant in error cites *Johnson v. Johnson,* 78 Colo.
187, 240 Pac. 944; and *Willoughby v. Willoughby,* 71
Colo. 356, 360, 206 Pac. 792; *Huff v Huff,* 77 Colo. 15,

234 Pac. 167; *Stevens v. Stevens,* 31 Colo. 188, 72 Pac. 1061; *Prewitt v. Prewitt,* 52 Colo. 522, 122 Pac. 766; *Diegel v. Diegel,* 73 Colo. 330, 215 Pac. 143; *Jewel v. Jewel,* 71 Colo. 470, 207 Pac. 991; but in none of these cases was it held that accrued alimony could be cancelled, and what was said in the opinions must, of course, be interpreted with regard to the facts then before the court. In *Huff v. Huff,* at page 17, the court says " * * * 'Such court (district) has the authority to modify the decree relative to alimony payable *in the future,* * * * as the changed circumstances of the parties may render necessary and just * * *.' "

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

MR. CHIEF JUSTICE ALLEN not participating.