## No. 12,180.

### TAYLOR v. TAYLOR.

Decided December 24, 1928.

Mr. RICHARD E. LEACH, Mr. JOHN T. WEISZ, Mr. THOMAS CAMPBELL, for plaintiff in error.

Mr. JOSEPH J. WALSH, Mr. DONALD F. CLIFFORD, for defendant in error.

*En Banc.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS is an action for divorce. The defendant in error prevailed in the court below, and from the decree of divorce entered therein the plaintiff in error sues out this writ. The defendant in error moves to dismiss the writ on the ground that no notice of intended application for a writ of error was filed with the clerk of the trial court

under section 5605, C. L. 1921, which provides: "No writ of error shall be taken or allowed or prosecuted from the supreme court to review a judgment or decree of any court in an action for divorce, except at the time and in the manner hereinafter set forth, to-wit: If the party against whom a decree of divorce has been granted shall file, within five days from the day on which such decree was granted, with the clerk of the court a written notice that he or she will apply within sixty days from the date of said decree to the supreme court, for a writ of error to review the said decree then a writ of error may issue from the supreme court on proper application therefor within sixty days from the date of said decree but not thereafter."

The final decree was entered June 4, 1928. Prior thereto, the plaintiff in error filed with the clerk of the court a pretended notice, after the filing of the findings of facts and conclusions of law, made by the court on December 19, 1927.

We have held that the findings of fact and conclusions of law cannot take the place of a final judgment, so as to make the proceedings reviewable. *Hobbs v. Hobbs,* 72 Colo. 190, 210 Pac. 398.

This notice of plaintiff in error, filed with the clerk more than five months prior to the date of the decree, and before its rendition, was not in compliance with the requirements of the statute. We have many times held that the notice is jurisdictional, and that it must be filed at the time and in the manner as in the statute set forth. *Chamberlain v. Chamberlain,* 66 Colo. 562, 185 Pac. 354; *Diegel v. Diegel,* 73 Colo. 330, 215 Pac. 143; *Lednum v. Lednum,* 78 Colo. 57, 239 Pac. 877; *Perry v. Perry,* 74 Colo. 106, 219 Pac. 221.

We are obliged to grant the motion to dismiss the writ, for want of jurisdiction.

Writ of error dismissed.

Mr. Chief Justice Denison did not participate in the opinion.