## No. 12,270.

## Nolan v. Lantz Sanitary Laundry Co.

Decided February 11, 1929.   Rehearing denied March 4, 1929.

Mr. Carle Whitehead, Mr. Albert L. Vogl, Mr. Floyd F. Miles, for plaintiff in error.

Mr. John T. Bottom, Mr. Allen Moore, Mr. Paul F. Irey, Mr. F. J. Knauss, for defendant in error.

*Department Two.*

Mr. Justice Moore delivered the opinion of the court.

Parties are referred to as in the lower court.

The defendant, a discharged employee of the plaintiff, was enjoined from violating certain provisions of the contract of employment executed by plaintiff and defendant.

Two questions are here presented: (1) Was the plaintiff in court with "clean hands"? (2) Did the court err in refusing to allow costs on defendant's cross complaint for $41.27?

I. Two paragraphs of the contract in question are here involved:

"4. The said 'employee' shall not voluntarily leave the employment of the 'employer' without having first given two weeks notice in writing of his intention so to do, and in the event of the termination of the said employment either voluntary or involuntary, on the part of the said 'employee' the said 'employee' hereby covenants and agrees that he shall not, nor will, for a period of six months thereafter enter into the business of collecting or soliciting laundry work on his own account, or in the employ or behalf of any other person, persons, or company, in any such way as to interfere with the good will of the said 'employer' or attempt to influence, solicit or take away for himself or any other persons, person, firm or corporation, any of the customers of said 'employer' within the City and County of Denver and state of Colorado.

"5. The said employment shall commence on the ..... day of .......... and shall continue until terminated by either party by at least two weeks notice, provided however, that the employment may be summarily terminated

by the 'employer' at any time without notice for any non-compliance of the 'employee' with any one of the promises or engagements herein made upon the part of the 'employee,' or for any misconduct or improper conduct on the part of the 'employee.' "

It is conceded that the contract in question was executed by the defendant, Nolan, and that it is a valid engagement.

The evidence discloses and the lower court found that the defendant, after his discharge and within a period of six months, had violated section 4 by engaging in the laundry business, soliciting laundry work and in attempting to interfere in the conduct of plaintiff's business.

Defendant contends that the plaintiff was not in court with "clean hands" because he was summarily discharged by plaintiff without just cause and without having been given two weeks' notice as provided for in paragraph 5 of said contract.

The record discloses that, at the time defendant was discharged, he was paid two weeks' wages in advance. Having accepted this amount, he should not now be heard to say that he was not notified. The contract providing for the arbitrary termination of employment by either party upon two weeks' notice, and defendant having waived the notice by accepting said pay, the reason for the discharge is immaterial and the injunctive order was proper.

II. The court entered judgment against plaintiff on defendant's cross complaint for $41.27, admittedly due defendant for wages earned, which amount was deposited by plaintiff in the registry of the court for the use of defendant upon the trial of the case. No costs were allowed.

Costs in an equity proceeding are in the discretion of the trial judge and his action will not be disturbed unless an abuse of discretion is shown. *Charlton v. Kelly,* 7 Colo. App. 301, 304, 43 Pac. 454; *Willoughby v. Willoughby,* 71 Colo. 356, 206 Pac. 792; *Water Works Co. v.*

*Holme*, 49 Colo. 412, 441, 113 Pac. 501. No abuse of discretion is shown.

Judgment affirmed.

Mr. Chief Justice Whitford, Mr. Justice Burke and Mr. Justice Butler concur.

## *On Rehearing.*

Defendant's contention that plaintiff was not in court with "clean hands" because it failed to pay the defendant's wages earned for the last week of his employment cannot be sustained. A check payable to the defendant for $37.91, the full amount of said wages and part of the sum sued for in the cross-complaint, was tendered to the defendant and a receipt for all claims and demands against the Lantz Sanitary Laundry Company thereupon demanded. Nolan refused to sign the receipt; further refused to have his attorney prepare and deliver one, and refused to accept the check so tendered. At the time of defendant's discharge, the plaintiff tendered and the defendant accepted two weeks' wages in advance, in lieu of two weeks' notice provided for in the contract. This payment was voluntary, the plaintiff being under no contractual obligation to pay it, and defendant, having accepted the same, ought not to be heard to say that the plaintiff was not in court with "clean hands," because it required the defendant to sign a receipt for his last week's wages, even though the plaintiff had no right to demand same.