No. 12,400.

BLACKMER v. BLACKMER ET AL.
(286 Pac. 114)

Decided March 3, 1930.

Messrs. ENOS, HEALY & CHRISHOLM, Mr. RALPH G. LINDSTROM, Mr. HAROLD W. PERRY, for plaintiff in error.

Mr. CHAS. E. FRIEND, for defendants in error.

*In Department.*

174

Mr. Chief Justice Whitford delivered the opinion of the court.

This is an action brought by the wife, in the district court, for divorce.

The first trial, which lasted four days, resulted in a disagreement of the jury. The second trial resulted in a verdict for the defendant, and a judgment dismissing the plaintiff's complaint. A motion for a new trial was denied by the trial court. We are asked to review that judgment by a writ of error.

We cannot entertain the writ. The writ does not lie in cases where there has been no judgment of divorce. We said in *Unzicker v. Unzicker,* 74 Colo. 211, 220 Pac. 495: "The case having been dismissed by the court below, there was no decree of divorce granted to either party. Section 12, chapter 65, S. L. 1917 (section 5605 C. L. 1921) provides that no writ of error shall lie to review a judgment or decree of any court in an action for divorce, except where there has been a decree of divorce granted against the party seeking the review. There having been no decree of divorce granted in this case, the writ of error does not lie, and there is no jurisdiction in this court to review the case."

We have many times sustained section 5605, C. L. 1921, and have held its provisions mandatory, and jurisdictional. *Chamberlain v. Chamberlain,* 66 Colo. 562, 185 Pac. 354; *Diegal v. Diegal,* 73 Colo. 330, 215 Pac. 143; *Perry v. Perry,* 74 Colo. 106, 219 Pac. 221; *Miller v. Miller,* 74 Colo. 143, 219 Pac. 783; *Lednum v. Lednum,* 78 Colo. 57, 239 Pac. 877.

The writ of error must be dismissed.

Mr. Justice Adams, Mr. Justice Campbell and Mr. Justice Alter concur.