No. 11,334.

Low *v*. Low.

Decided May 3, 1926.   Rehearing denied May 24, 1926.

On petition to modify decree for the payment of alimony.   Petition granted.

*Reversed.*

1.  Divorce and Alimony—*Alimony—Modification of Decree.* The trend of opinion seems to hold courts are not bound by a contract of the parties as to the payment of alimony in divorce actions, and have the same power to modify a decree that is based on a contract, that they have to change a decree made in the absence of agreement of the parties, but the disposition of this suit does not require a decision of that point.

2.  *Alimony—Modification of Decree.* In exercising jurisdiction to modify a decree for the payment of alimony, courts should proceed with caution and unless the evidence clearly shows that the original decree is no longer fair and just, it should not be changed.

3.  *Alimony—Modification of Decree.* In proceedings for modification of a decree for the payment of alimony, evidence reviewed, and held that the trial court was not justified in reducing the alimony.

4.  Appeal and Error—*Alimony—Modification—Practice.* On reviewing a decree modifying payment of alimony, it appearing that the modification was not justified, it is held that good practice requires the court to interfere and set aside the erroneous findings.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. Henry E. May, Mr. Albert E. Bogdon, for plaintiff in error.

Messrs. Danforth & Kavanagh, for defendant in error.

*En banc.*

Mr. Justice Campbell delivered the opinion of the court.

In this divorce action by Olive A. Low against Arthur B. Low, the final decree in her favor dissolving the marriage relation and awarding alimony was entered April 27, 1923. The only provision in the decree as to alimony is an award to her of the sum of $150 per month, to be paid the first of each month thereafter. On the next proceeding day there was filed in the cause an agreement of the parties which was made by them August 3, 1922, which recited that the same was in settlement of their property rights. It provided that as a full settlement of all claims for alimony on the part of the plaintiff, the defendant will pay to her, beginning August 1, 1922, the sum of $150 per month, payable on the first day of each month thereafter, payments to continue until the marriage of the plaintiff. In addition to this monthly salary the defendant agreed to pay to the plaintiff the sum of $2,000 out of the proceeds of the sale of their home or, if such sale should not be made within the period of a year, the plaintiff agrees to relinquish by deed or otherwise all right and title in the property upon the payment to her by the defendant of the sum of $2,000. Defendant is to pay the court costs and plaintiff's attorney's fees in the sum of $200. Such payments of monthly alimony and the lump sum are to be in full of all demands of every kind which the plaintiff makes or could make against the defendant in con-

sideration of which she agrees to release all such claims and demands against him and his estate.

November 7, 1924, the defendant filed a petition in the cause for a modification of alimony and based the same upon the claim that the situation and circumstances of both parties had materially altered since the award was made, and that it is no longer just or equitable that the defendant should be called upon to pay this amount to the plaintiff. This petition was traversed by the plaintiff and as a special defense she pleaded the foregoing agreement as a bar both to the reduction of alimony and to the power of the court to modify its decree without her consent which she refused to give. Testimony was taken by both parties and the court modified the original award by reducing the monthly payments to $75 to be paid on the first day of each month until further order of the court. The plaintiff is here with her writ of error.

Three questions or points are presented and assigned as error: (1) That as the award of alimony was based upon an agreement of the parties which was, as well, a settlement of their property rights, it could not be modified or changed to the injury of the wife without her consent. (2) If the court has jurisdiction to modify an alimony decree generally, the petition here does not state any ultimate facts, but only conclusions of the pleader, which do not invoke this discretionary power. (3) That the evidence does not sustain or justify the court's reduction.

1. Notwithstanding the decisions of this court in *Stevens v. Stevens,* 31 Colo. 188, 72 Pac. 1060, followed in *Graham v. Graham,* 38 Colo. 453, 88 Pac. 852, 8 L. R. A. (N. S.) 270, 12 Ann. Cas. 137; *Prewitt v. Prewitt,* 52 Colo. 522, 122 Pac. 766; *Jewel v. Jewel,* 71 Colo. 470, 207 Pac. 991; *Diegel v. Diegel,* 73 Colo. 330, 215 Pac. 143, that a court of equity under our statute, and by virtue of its general equity powers, retains jurisdiction to modify a decree for periodical payments of alimony, the plaintiff in error strenuously contends that, though

it may generally exercise such power, yet when the award of alimony in a decree of divorce is based upon a contract of the parties, which purports to settle their property rights, it cannot be set aside at the instance of one party without the consent of the other. In support of this contention are cited *Henderson v. Henderson,* 37 Ore. 141, 60 Pac. 597, 61 Pac. 136, 48 L. R. A. 766, 82 Am. St. Rep. 741; *Pryor v. Pryor,* 88 Ark. 302, 114 S. W. 700, 129 Am. St. Rep. 102; *Gilbert v. Hayward,* 37 R. I. 303, 92 Atl. 625. The Henderson case is squarely in favor of the contention and the Pryor case probably is also. We do not find such doctrine stated in the Gilbert-Hayward case. Cases to the contrary relied upon by defendant in error are: *Cross v. Cross,* 98 Wash. 651, 168 Pac. 168; *Soule v. Soule,* 4 Cal. App. 97, 87 Pac. 205; *LeBeau v. LeBeau,* 80 N. H. 139, 114 Atl. 28; *Brown v. Brown,* 209 Mo. App. 416, 239 S. W. 1093; *Eaton v. Eaton* (Mo. App.), 237 S. W. 896; *Mathews v. Mathews,* 55 Cal. App. 661, 204 Pac. 27; *Parker v. Parker,* 55 Cal. App. 458, 203 Pac. 430; *Wallace v. Wallace,* 74 N. H. 256, 67 Atl. 580, 12 Ann. Cas. 293; *Morgan v. Morgan,* 203 Ala. 516, 84 So. 754; *Cohen v. Cohen,* 150 Cal. 99, 88 Pac. 267, 11 Ann. Cas. 520; *Smith v. Smith,* 77 Minn. 67, 79 N. W. 648.

Even in the Henderson case, which probably is the best reasoned of the cases relied upon by plaintiff in error, the agreement of parties, upon which the alimony decree was based, was called to the attention of the court at the time and was carried into the decree itself practically in its entirety. In the instant case the agreement of the parties in its entirety is not carried into the alimony decree. Only that part which provides for the payment of $150 monthly alimony appears therein and other material provisions of the contract are not even referred to. If the decree, and the agreement upon which the alimony award is based, are not harmonious or in conflict, and that they are not in unison is apparent, of course the decree would prevail over the

contract. Under the facts of the case we do not, however, find it necessary to pass upon the main contention here. We are inclined to the view that the weight of authority is against the contention of the plaintiff in error and that inferentially, at least, it is contrary to our own cases above cited and to *Hobbs v. Hobbs,* 72 Colo. 190, 210 Pac. 398. In the Hobbs case it was stated: "While courts generally adopt such contracts, they are not bound to do so," citing with approval *Wallace v. Wallace, supra,* a well reasoned case from New Hampshire which is squarely opposed to the contention here made. If courts are not so bound it would seem to follow that it is the decree, not the contract, that secures or confers alimony; and, if so, the courts have the same power to modify a decree that is based on a contract that they have to change a decree made in the absence of agreement of the parties. While the general trend of decision as to the power of the court to modify alimony decrees seems to be against the contention of plaintiff in error, we deem it unnecessary at this time to pass upon the question.

2. It is doubtful if sufficient facts are set up in the petition to invoke the jurisdiction of the court. But assuming, for our present purpose, that sufficient facts are alleged, and if the court has the power to reduce alimony, we pass at once to the third assignment.

3. In exercising jurisdiction to change or modify an alimony decree courts should, and usually do, proceed with caution; and unless the evidence clearly shows that the original decree, which is presumed to have been made upon mature consideration, is no longer fair and just, it should not be changed. The ground here relied upon is a change in the financial condition of both parties. Some change in that condition, so far as it concerns the wife, was shown. At the time of the hearing she was employed as a teacher in the public schools at a salary of $112.50 per month. There was change also in the financial condition of the husband, the petitioner,

but it was better, not worse, at the time of the hearing for reduction than it was at the time the original award was made.  After the decree of divorce was granted the husband remarried and one of the points he sought to bring out is that the second wife is more economical in conducting his household than was his former wife. Possibly this is something which the court should consider in such applications.  It is enough here and now to say that according to the petitioner's own testimony, his net income is greater now than it was when the divorce decree was entered and his present wife's economy has contributed to that end, and, therefore, she is not as great a burden upon him as his former wife had been to the extent of the savings resulting from such economy. This of itself betters his financial condition.  Although the former wife is receiving salary as a teacher in the public schools, she holds the position on probation only, and it is uncertain how long her employment will continue.  There is evidence in the record that if the husband, whose source of income is largely from royalties on a patent, applied himself as diligently to useful labor or business as the former wife has done, his income would probably be enhanced in possibly greater proportion than hers has been increased from teaching.  We are convinced, after reading carefully the evidence, that the trial court was not justified in reducing the alimony and, under good practice, the case is one for this court to interfere to set aside its findings.  See 19 C. J. p. 273, sec. 619; p. 274, sec. 620, note 69 and cases cited.

Judgment reversed with instructions to dismiss the petition.

Mr. Justice Denison not participating.