Argued by appellant March 6, reversed March 27, 1928.

## LILLIAN BOGARD SCOTT *v.* W. A. BOGARD.

### (265 Pac. 437.)

**Divorce—In Divorce Action, Court is not Bound by Agreement of Parties for Husband's Support of Minor Child.**

1. In action for divorce, court is not bound by previous agreement of parties whereby husband agreed to pay for support of minor child, as evidenced by husband's promissory notes.

**Divorce—Wife cannot Sue on Husband's Notes Given for Support of Child, Where Divorce Decree Ordered Monthly Payments in Lieu of Parties' Agreement.**

2. Where court, in divorce action, did not sanction contract of parties under which husband gave notes for support of child, and, in lieu thereof, entered decree for monthly payments for such support, wife is not entitled to maintain action on notes, since wife's acceptance of alimony as decreed by court amounted to rescission of contract.

Divorce, 19 C. J., p. 356, n. 20.

From Douglas: JAMES W. HAMILTON, Judge.

Department 1.

REVERSED.

For appellant there was a brief and oral argument by *Mr. Carl E. Wimberly.*

For respondent there was no appearance.

BELT, J.—This is an action to recover amount alleged to be due on seven promissory notes, each for $250. It is stipulated that these notes and five others were executed by defendant to evidence an agreement to provide for the support and maintenance of a minor child. In 1916, difficulties arose between the plaintiff and defendant, who at that time were husband and wife, and a written contract was entered

124 Or.—43

into whereby the defendant agreed to pay for the support of his minor child $3,000 as evidenced by twelve promissory notes, seven of which are the subject of this action. It was also agreed that such payment should be "in full accord and satisfaction of any and all claims which she (the wife) might otherwise have, in law or in equity for the support, care, maintenance and education of said minor child until he arrives at the age of 14 years, and to keep said first party (the defendant) free and absolved from any and all claims for the support of said child of whatsoever nature." On May 22, 1916, plaintiff obtained a decree of divorce wherein it was provided that the defendant pay the sum of $40 per month for the care and support of the child. In this divorce proceeding, inquiry was made concerning the above agreement and it is evident from the record that such did not have the sanction of the trial judge. The contract was not incorporated in the decree. The court's attitude in reference to this agreement for alimony was thus expressed: "I do not think that agreement would be of any binding effect upon a man that has nothing; that is the trouble about that—if we have an order here and judgment that every month (the defendant is to pay)—then if there is anything in sight we can reach it. I think that should be done to protect this woman." On March 1, 1919, the decree was modified to require the payment of $15 per month for one year thereafter and for the payment of $20 per month commencing March 1, 1920.

It appears without contradiction that defendant has faithfully complied with such decree and has paid plaintiff under the terms thereof an amount aggregating $2,102.50. In other words, the plaintiff had been

accepting payments under this decree for over eight years before commencing the instant action on the notes.

It was the theory of the defendant that the legal effect of the decree was to terminate the contract of the parties with reference to the payment of alimony and that plaintiff breached the contract when she accepted payments made under the decree. The trial court directed the jury to allow defendant credit on the notes for the amount paid under the decree. A verdict was had for plaintiff for the sum of $1,162.12, together with attorney's fees, and judgment was entered accordingly. Defendant appeals.

1, 2. We think, as a matter of simple justice, plaintiff should not have been permitted to maintain this action. In the divorce proceeding the court did not see fit to sanction the contract of the parties for support of the child and, in lieu thereof, entered a decree which was deemed more effective in safeguarding the interests of its ward. That the court was not bound by the agreement of the parties is elementary. That the court intended to substitute the decree for the contract is shown by the fact that the amount to be paid under either was substantially the same. It would be manifestly unfair, in view of the clear intention of the parties, to hold defendant liable under both the judgment and the decree. We think the latter should control and must prevail when contradictory to an agreement pertaining to the same subject matter. As stated in *Low* v. *Low,* 79 Colo. 408 (246 Pac. 266):

"If the decree, and the agreement upon which the alimony award is based, are not harmonious or in conflict, and that they are not in unison is apparent, of course the decree would prevail over the contract."

When plaintiff accepted the alimony as decreed by the court, it amounted to a rescission of the contract. There is a dearth of authority on the precise question involved. In *Melton* v. *Hubbard,* 144 Ga. 18 (85 S. E. 1016), the court held, as shown by the syllabus of the opinion:

"The wife could not, after having accepted payment of alimony as ordered in the judgment quoted, maintain a suit for the enforcement of the contract. Having taken a judgment requiring the defendant to pay to her the amounts named in the judgment as alimony, and having received alimony under such order, she thereby elected to abandon the contract and treat it as nonenforceable."

No questions of fact were involved. It remained only for the court to declare the legal effect of the decree and the payments made thereunder. As we view the record, defendant was entitled to a directed verdict.

The judgment of the lower court is reversed and the action dismissed.    REVERSED AND DISMISSED.

RAND, C. J., dissents.

BEAN and BROWN, JJ., concur.