## No. 13,216.

NEUHENGEN *v.* NEUHENGEN.

(18 P. [2d] 454)

Decided January 16, 1933.

Mr. H. A. HICKS, Mr. H. A. HICKS, JR., for plaintiff in error.

Messrs. DICKERSON & MORRISSEY, for defendant in error.

*En Banc.*

155

MR. JUSTICE HILLIARD delivered the opinion of the court.

IT appears that April 8, 1925, by decree to that end, plaintiff divorced defendant, and incidental to the principal judgment she was given custody of a minor son and awarded alimony in the sum of $50 per week, the custody and alimony award apparently pursuant to composition; that since the decree defendant has made at least five applications for modification, in each of which he succeeded in some measure, and particularly in the following reductions: June 8, 1929, to $45 per week; January 6, 1930, to $150 per month, in two payments; February 3, 1932, to $130, payable semimonthly; and June 21, 1932, to $100; $50 July 1 and $50 July 15, and like sums correspondingly thereafter, until further order.

Plaintiff assigns several errors, but only to the one challenging the sufficiency of the evidence on which the court reduced the monthly payment from $130 to $100, do we find it necessary to address ourselves.

We have determined that in exercising jurisdiction to modify a decree for payment of alimony courts should proceed with caution, and, unless it clearly appears that the order of which modification is sought is no longer fair and just, the application should be denied. *Low v. Low,* 79 Colo. 408, 246 Pac. 266. And of course that which should cause trial courts to have a care in such matters suggests like pause on review.

As we have seen, February 3, 1932, on defendant's petition he was relieved of alimony payments to the extent of $20 per month, or from $150 to $130. What his salary was before the date of the last reduction the record does not disclose, and what it was at that time is deducible only from the fact that since then he has been obliged to take an enforced vacation of one-half day per week, without pay, which he computes in the sum of approximately $25 per month. For the months following the order of February, the testimony showed he received pay as follows: February, $300; March, $338; April,

$312.50; May, $298, and to June 18, last computation before the hearing, $200. It appears, too, that much of the time he travels for his employer, the trips taking him to all parts of Colorado, and into other states and Mexico, during which absences he receives $8\frac{1}{2}$ cents per mile for the use of his automobile and his expenses, and when thus engaged his own living burdens are negligible. While in his petition for reduction defendant makes no claim on that score, we think it fair to indulge the comment borne out by the testimony that defendant has remarried, but it also appears that his present wife is, and for many years has been employed by the same company, and that for the months examined to show defendant's income, the wife received salary as follows: February, $120; March, $150; April, $117.50; May, $120, and to June 15, $85. It is clear that his wife's living is not a charge on defendant's exchequer, and other than his alimony contributions to the mother of his children and the one minor son, defendant is without dependent obligations.

On the other hand, as the evidence shows, plaintiff is in poor health, and because of her peculiar ailment requires the frequent services of a physician and must have costly medicine, and the son, small when for his own reasons defendant so conducted himself that his wife and children went out of his life, now a lad of sixteen, necessarily entails greater expense than when a child. And to support these, which the law requires, and normally constituting man's chief joy, defendant petitions to pay only $100 per month, and in his testimony sought to have it made $80 or $85. Considering defendant's income, his freedom from moral financial obligations to a degree enjoyed by few men who essay marriage, and the reasonable requirements of plaintiff and the minor son, we are constrained to believe the record does not justify the reduction ordered by the court.

Preliminary to suggesting proper orders, and disclaiming any purpose to hamper freedom of action of trial

courts in the consideration of petitions for modification of alimony decrees, we think it proper to observe that when next this defendant shall seek reduction of alimony the court may well call to his attention the fact that such proceedings involve, as the record here discloses, charges of his own counsel as well as fees for counsel opposing, the aggregate of which might better be used toward discharge of court orders and the comforts of his lawful dependents. The defendant is a man of ability and resourcefulness, as his steady employment and no mean salary indicate. But like so many, he has yet to learn, it would seem, that getting married is serious, and marrying a second time while the bride he first led to the altar, and those born of that marriage, must be supported, is still more serious. In putting off the old that he might embrace the new, defendant bargained with all concerned, including the court, that he would pay $50 per week for the support of those having first claim. The bargain was fair when made and there is nothing in the record to indicate justification for so great a departure from its terms as culminated on the last examination. The order of February 3, 1932, for $130 per month, should be reinstated.

It appears that at the time the court made its order of June 21, 1932, defendant was in arrears on the February order in the sum of $115, which the court ordered paid at the rate of $15 per month. That order has our approval, and it should be made to apply to any further sums of which defendant may be in arrears computed on the basis of the difference between what he has paid and $130 per month since the order of February 3, 1932. The trial court's order in the matter of counsel fees for services there is approved, and for counsel's services here the court should allow a like sum, similarly to be paid. Defendant should be adjudged to pay all taxable costs. The judgment is reversed.

Mr. Justice Moore and Mr. Justice Bouck not participating.