## No. 14,216.

### RODGERS *v.* RODGERS.
(76 P. [2d] 1104)

Decided February 28, 1938.

Mr. Benjamin C. Hilliard, Jr., Mr. George A. Trout, for plaintiff in error.

Messrs. Ireland & Blackman, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

Plaintiff in error, who was plaintiff below, seeks reversal of a judgment denying her further alimony as the divorced wife of defendant. Motion for a new trial was denied.

The parties were married in 1908. A daughter was born in 1913. In 1928 plaintiff obtained a divorce in a non-contested action, and included in the decree was an order that defendant pay her $100 a month "for the support of herself and said minor child." He made these payments regularly until in 1934 the payments were reduced to $75 a month, the daughter having become of age. Later, by stipulation, the amount was reduced to $60 a month. Meanwhile the daughter had married an aviator, who, because of uncertainty of employment, had great difficulty in supporting himself and his wife. The plaintiff had been living with them for the last two years.

On December 18, 1934, defendant filed a petition in which he alleged that he had paid over $7,500 to the plaintiff; that he then was unemployed and asked that he "be relieved by decree of this court from any further or other payments to this plaintiff on account of alimony." On January 5, 1935, the court ordered "that alimony payments cease in the future, until the further order of this court."

March 26, 1937, plaintiff filed a petition for the resumption of alimony payments. At the hearing she testified that defendant was then employed by the government at a salary of $150 a month; that the only income she had was $20 a month from a small house in North

Denver, which is mortgaged for $800 and is thirty-five years old, and out of which she had to pay water rent, taxes and interest, leaving a net income of $14.50 a month; that she was fifty-three years old, in poor health and unable to work because of an operation for cancer some years previous; and finally, that she, her daughter and son-in-law were having difficulty in getting enough food.

Defendant admitted that he was getting $150 a month from the Sterling Production Credit Association. That he had been married twice since his divorce. That his second wife had died and left some insurance money (amount not disclosed). He detailed his monthly expenses as follows: "Now, I make a payment of $30 a month on the cost of a house, which I engaged to buy. Grocery bill around $40 a month; fuel, light and heat about $23.50 a month; 'phone $2.40; water $1.50 a month except during the irrigating season, which will probably run say $3 a month. We use electric light, but use distillate for our burner for heat. 'Phone $2.40, water $1.50, laundry $5 and clothing approximately $20 a month. Insurance on the house and furniture and automobile runs about $10 a month, and there is about $15 to $18 for miscellaneous things." These items amount to a total of $148. He has a life estate in forty acres of land in Illinois, the net income from which he gives to the daughter. That amounted to $47 in 1936. He also stated that there had been a second mortgage on the North Denver house of $300 or $400 which he paid. Including this, the total amount he had paid the plaintiff was $8,003.50.

The court in its finding and decree denied further alimony or support money.

It is apparent that the court, after learning the amount defendant had paid, considered it sufficient and treated it as a lump sum settlement. The question now before us is: Was this holding error?

It is settled law that awarding alimony and fix-

ing the amount thereof rests in the sound discretion of the trial court, and, unless it is made to appear that there has been an abuse of discretion, its judgment will not be disturbed. *Van Gorder v. Van Gorder,* 54 Colo. 57, 129 Pac. 226. A court rendering a decree of divorce retains jurisdiction to modify provisions for alimony as changed conditions of the parties may render necessary and proper. *Diegel v. Diegel,* 73 Colo. 330, 215 Pac. 143; *Huff v. Huff,* 77 Colo. 15, 234 Pac. 167. Orders regarding alimony may be modified by this court. *Miller v. Miller,* 79 Colo. 609, 247 Pac. 567. It follows, that having the right to modify, we would, in proper cases, have the right to impose.

In our judgment the trial court abused its discretion in holding the amount paid by defendant to be a lump sum settlement. At the time the regular payments were made, it must be assumed that they were made to meet the then and concurrent needs of the plaintiff and daughter. There is no showing here that she ever was able to save anything or that she improvidently spent anything she received. On the other hand, the record definitely discloses that the payments were modified from time to time depending on need and ability to pay. There is no showing that the parties or the court at any time contemplated a cash settlement of any future obligations on the part of the defendant.

A man may not shun marital obligations assumed in one relationship by contracting others while some of the duties imposed by law in the first still persist; and while the needs of the first wife, while she remains unmarried, are not controlling, they are deserving of careful consideration. The defendant, while not in as good a position as when he was making $200 a month, nevertheless, is earning a fair salary, and we feel he should be making some contribution to plaintiff's support.

No good purpose would be served in compelling plaintiff to sell the equity in the house. While she is not

occupying it now, she may have occasion to use it as a home later, and if it should be sold it would only mean that defendant's burden would be increased when the small equity was exhausted.

Reluctant as we are to reach the conclusion that the trial court acted arbitrarily in denying plaintiff's claim for alimony in any amount, we feel the circumstances of this case require it, and our conclusion is, that the judgment must be reversed, and the case remanded with instructions to make an allowance of alimony and attorneys' fees, and for such other proceedings as may be necessary, not inconsistent with the views herein expressed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE YOUNG and MR. JUSTICE HOLLAND concur.