## No. 14,302.

### CURRY v. CURRY.

(79 P. [2d] 653)

Decided May 2, 1938.    Rehearing denied June 6, 1938.

Messrs. Schaetzel, Knight & Houston, for plaintiff in error.

Mr. Carl Cline, Mr. Ralph Loeb, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

Writ of error brought by a wife, plaintiff below, and to whom a decree of divorce had been granted, to review an order of court reducing the monthly allowance awarded her as alimony and support money from $55 to $30 a month. The parties will be herein designated as they appeared in the trial court.

Plaintiff and defendant were married in 1921, and a son of that marriage is now ten years old. Plaintiff sued for and obtained a divorce on ground of cruelty. August 28, 1936, the interlocutory decree being entered September 24, 1936, it was stipulated that defendant should pay plaintiff $55 per month alimony until the further order of the court, and "until there shall be a change in conditions of the parties to this action," which stipulation was incorporated in the decree entered March 25, 1937. Defendant remarried April 29, 1937. His present wife is employed part time outside the home.

On July 3, 1937, defendant made application for modification of the alimony provision of the decree, and in support thereof filed an affidavit alleging that since the final decree plaintiff has been regularly employed and earns a substantial sum; that defendant has remarried and his salary of $160 a month "is inadequate to pay his own living expenses and the order heretofore made."

The changed conditions disclosed by the evidence, are that since her divorce plaintiff had been working in a shoe shop about three days a week and earning on an average about $25 a month, which, it will be noted, is the

amount of the alimony reduction. She and the boy make their home with her mother and stepfather, and her contribution to the household expense is $52.75 a month. Defendant had made all payments up to date, but says he now is paying installments on an automobile, has outstanding debts, and "cannot make ends meet" at the end of the month, if compelled to continue the alimony payments of $55. Parties are about forty-five years of age and in good health. The boy is somewhat overweight, on a diet and under the doctor's care. Defendant was ordered to pay the doctor bill incurred and said he would see the boy through high school.

The effect of the trial court's ruling is to not only deprive plaintiff of a part of her alimony, but also to discourage her from making any attempt to regain her position as a useful member of society. We think this wrong in principle, and her attitude and willingness to work to help the boy, without concurrently depriving him of a mother's love and care, should be encouraged.

If the evidence here had disclosed that plaintiff was extravagant or not thrifty, there might be a reasonable basis for the trial court's order, but the undisputed evidence is that she has to pay $52.75 for very ordinary living expenses for herself and son, which leaves her only $2.25 a month out of the alimony payments for other purposes.

Some of the language used by us in the recent case of *Rodgers v. Rodgers,* 102 Colo. 94, 76 P. (2d) 1104, which it is unnecessary to quote, is applicable here.

On the record before us, we hold that defendant's showing was insufficient to justify the alimony reduction of $25 ordered by the trial court.

Our conclusion is that the judgment must be reversed and the cause remanded with directions to deny the motion for modification of the alimony order.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.