No. 14,522.

SMITH *v.* SMITH.
(103 P. [2d] 11)

Decided May 20, 1940.

Mr. BRYAN L. WHITEHEAD, for plaintiff in error.

Mr. JOHN F. MUELLER, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

A PROCEEDING in which plaintiff in error applied for additional support money for her minor children. The application was denied.

August 14, 1934, plaintiff in error received a final decree of divorce from defendant in error, and was awarded the custody of their two minor children. Defendant in error, who was employed by a railway company at a salary of approximately $150.00 per month, was ordered to "pay the sum of thirty-five dollars each and every month as support and maintenance for the two minor children so long as plaintiff is employed."

The petition here, filed March 13, 1937, alleged, first, that the needs of the children had increased; and, second, that defendant's financial condition was better than when the original order was issued. March 31, 1937, defendant filed an answer and cross complaint alleging that the children were being cared for by the mother of plaintiff in error, while the latter was living apart from them, and that only a part of the money paid by defendant was used for their support. He further alleged that he was heavily indebted and was unable to pay the sum already ordered and asked for a reduction. A replication filed April 22, 1937, denied some of these allegations, admitted others, and alleged additional facts. ·

In a hearing June 14, 1937, before Judge Stanley H. Johnson, it was ordered that instead of thirty-five dollars per month, as originally ordered, defendant in error should pay an amount equal to thirty-five per cent of his earnings per month for support of the children, plus five per cent of his earnings toward discharge of arrearages, found to be $127. The case was then continued, and when it was next reached Judge Johnson had been succeeded by Judge Henry S. Lindsley in that division of the court, and the final hearing, considered by the parties as a continuation of the former one, was held May 7, 1938.

The record shows that defendant in error's salary had increased from $150, as it was when the divorce was granted, to somewhat in excess of $160 per month. The court found that his earnings for the period between June 14, 1937, and May 7, 1938, were $1152.64, during

which he paid into the registry of the court $368.82, or $34.50 less than thirty-five per cent of his earnings, and had paid nothing on the arrearage of $127 found by Judge Johnson, to the discharge of which he had been ordered to pay the additional five per cent of his earnings, as above stated. It further appeared that defendant enjoyed some income from miscellaneous sources; but since the order only required him to pay from his earnings, and not from his total income, defendant contended that the additional income should not have consideration. The trial court did not specifically pass upon this contention.

It seems important to observe that although given the right to visit his children, plaintiff does not avail himself of the privilege, and seemingly manifests no voluntary responsibility for them. It also is to be noted that the original decree did not require defendant to contribute to the support of the wife who divorced him—only toward the support of the children; nor does the wife here seek relief other than in behalf of the children.

Plaintiff testified that in employment of uncertain tenure, she was receiving a salary of $100 a month from the state government, and that she was compelled to leave the children in her mother's care because it was impossible to work and support herself and look after their needs. She stated that for several years she has paid her mother $40 a month for their board and room. Their ages at the time of the hearing were fifteen and ten and one-half years. She also stated that she was suffering from an injured neck and arthritis and was frequently under a doctor's care; that her medical expenses and the additional requirements of the children because of their increased needs and advancement in school made it necessary that she expend all of her salary for her own living expenses and those of the children; but nowhere in the record is there any specific and definite statement as to the reasonable amount actually required for the children's support, their clothing,

school expenses and other necessaries over a given period, upon which a court properly may determine what is a fair and proper allowance under the circumstances.

The trial court concluded that since plaintiff now was employed, and that defendant had remarried and had a child of that marriage to support, such change of circumstances had resulted as warranted the setting aside of Judge Johnson's order of June 14, 1937, and a restoration of the original order for the payment of thirty-five dollars a month for the support of the two children; and ordered accordingly. The court disposed of defendant's defaults in relation to Judge Johnson's order by remarking there had been "substantial compliance."

 We are of opinion that the trial court gave rather more heed to the added burdens defendant had taken upon himself since the time of the divorce decree, than to the apparent increased needs of the children of his first marriage. "A man may not shun marital obligations assumed in one relationship," we have said, "by contracting others while some of the duties imposed by law in the first still persist." *Rodgers v. Rodgers,* 102 Colo. 94, 76 P. (2d) 1104. See, also, *Weydeveld v. Weydeveld,* 100 Colo. 301, 67 P. (2d) 72; *Neuhengen v. Neuhengen,* 92 Colo. 155, 18 P. (2d) 454. Considering the lack of full exposition of all the facts in relation to the reasonable requirements of the children, as already set forth, we think there should be further trial; and in the interest of development of the situation, and to the end that, as nearly as may be, determination shall be as of the time of the retrial, under such new or amended pleadings as may be required. In the meantime, as we appraise the present record, the award should be forty-five dollars per month, effective as of the day of this announcement, to continue until, as the result of further hearing, the trial court shall adjudge otherwise. In the event neither party shall regard the award we have suggested as unreasonable, concerning which there may be thirty days for consideration, it may be entered as a

final order in the premises; subject, of course, to change of conditions as in all such cases. If, and when, there shall be further hearing, the trial court will make its award in the light of the then showing, and if it shall be found that defaulted payments obtain, the court will adjudge on that issue as advised.

For the purposes outlined in this opinion, let the judgment be reversed.

MR. JUSTICE FRANCIS E. BOUCK and MR. JUSTICE OTTO BOCK concur.