## No. 16,153.

PIERRE *v.* PIERRE.

(212.P. [2d] 105)

Decided November 14, 1949.

Messrs. STONE, RICE & MANCINI, for plaintiff in error.

Messrs. DICKERSON, MORRISSEY & ZARLENGO, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THIS is an action for divorce and property settlement. The parties are here in the reverse order of their ap-

pearance in the trial court and reference will be made to them as plaintiff and defendant.

Error is specified to the judgment granting plaintiff a divorce and the decree of property settlement.

The grounds alleged in the complaint for a divorce were extreme and repeated acts of cruelty; defendant answered, alleging cruelty, and prayed for decree of separate maintenance. No children are involved.

Complaint was filed June 1, 1946, and answered October 28, 1946. Trial was had to the court November 12, 1946, and November 14, interlocutory decree in favor of plaintiff was entered and motion for new trial dispensed with. Various orders were entered, leading up to March 21, 1947, when the entry of a final decree was stayed until further order of the court. On September 30, 1947, a motion for new trial, based on newly discovered evidence, was filed and overruled June 18, 1948 and decree of property settlement entered June 28, 1948.

Plaintiff and defendant were the only witnesses testifying at the trial, and, as usually occurs, their testimony was in direct conflict. The record discloses no objections to the testimony of either on the question of cruelty, and no error is here assigned on account of the reception or exclusion of any evidence during the course of the trial.

■ ■ The defendant contends that cruelty being shown by both parties, the court erred in granting plaintiff a decree of divorce and in not granting defendant a decree of separate maintenance. The issue was the guilt or innocence of the parties as to cruelty, and that could only be resolved by the trial court. Thus the matter rested in the mind of the trial court as to the credibility of the two witnesses and when the court found in favor of plaintiff, it necessarily resolved the weight of the testimony in his favor and against the defendant. There being sufficient evidence to support this finding, which was exclusively within the province of the trial court, we, consistent with oft expressed rule, preclude ourselves from disturbing the decree.

█ █  As to the question of error in denying a new trial, again the matter of the sound discretion of the trial court is involved, in which we see no improper application. The motion was supported by an affidavit prohibited by Colorado statute, section 7, chapter 24A, 1945 Supp. '35 C.S.A., being section 7, chapter 111, S.L. '37. This affidavit was not regularly filed, which would have been contrary to the statute, but was presented to the trial court for its consideration and through some inadvertence, was filed and became a part of the record and has been noticed. Any content thereof that could have been considered in conection with the motion for new trial on the ground of newly discovered evidence related to matters occurring long after the filing of the complaint herein and two years or more after the separation of the parties, and such evidence would not have been admissible if offered at the trial.

█  We see no error, as urged by the defendant, in the property settlement decree. The trial judge in that matter being different from the one who entered the interlocutory decree of divorce, and was, as is evident from the record, painstaking and considerate of the age, the infirmities, and financial position of both plaintiff and defendant, and being in position to observe the parties and having heard their testimony, arrived at, seemingly, a fair division with which both parties must be content.

For the reasons herein stated, the judgment is affirmed.