## Martin v. Martin.

October 31, 1950.

Holland G. Bryan, Judge.

L. B. Alexander for appellant.

Eaton & Eaton for appellee.

JUDGE HELM—Affirming.

Appellee, Nell W. Martin, 44, seeking a divorce from appellant, Hunter H. Martin, 51, alleged cruel and inhuman treatment. She prayed for the custody of their two infant children; for alimony in the sum of $20,000, and for $50 per week for the support of the children during their minority. Appellant filed a general denial, and in a counterclaim asked for the restoration of described property.

The Chancellor, upon the pleadings and proof, granted appellee an absolute divorce; the custody and control of their children, Jimmie, 11, and Jack, 7; $40 per week for the support of the children; required appellee to convey to appellant the house and lot described in the pleadings; adjudged her alimony in the amount of $10,000; adjudged appellee her costs, including $1,000 for the services of her attorneys to be taxed as costs; adjudged certain personal property to each party; required appellee to restore to appellant an engagement ring, and enjoined appellant from visiting or molesting appellee.

Appellant appeals from the judgment, saying:

"1. This court does not have the right to set aside the divorce as granted by the McCracken Circuit Court but does have the right to review the record to determine whether the lower court erred in the amount of alimony which it allowed and the amount which it allowed for the maintenance and support of two infant children.

"2. The evidence is insufficient to authorize the granting of either a divorce or alimony by the lower court.

"3. The amount of alimony awarded is excessive.

"4. The amount awarded for the maintenance and support of the two infant children is unreasonable and unjust under the facts of this case."

The record shows satisfaction of the judgment for alimony. A petition to modify allowance for support of the children, copied with the record, sets out that appellant sold the home reconveyed to him for $15,500.

In appellant's brief it is said, "It is impossible for me to point out the evidence which shows that the appellee was not entitled to a divorce and alimony as it is our position that the evidence, as a whole, shows conclusively that she was not entitled to either a divorce or alimony."

Appellant and appellee were married February 6, 1923. They have four children—Hunter H. Jr., 25; Nell Husbands, 20, James Bruce, 11, and John Curtis, 7. Appellant has been engaged in the printing business in Paducah since November, 1929. This action was filed July 27, 1948.

To support the charge of cruel and inhuman treatment, appellee shows that after she complained to appellant at his office about his unusual attentions to one of his feminine employees, he came home and called her an ugly name, "A d—— b——," and "mauled and bruised" her. On another occasion he came in at night, rushed over to her bed where she was sleeping, and said, "I am going to kill you, G—— d—— you," pulled her hair, choked her, clapped his hand over her mouth so she couldn't scream. He drank regularly and too much. She gave up all social life because it was embarrassing to go out with him. He "always had had several drinks." He neglected her and humiliated her by his attentions to other women.

We have read the record. Without detailing the testimony, we find that it, although conflicting, is sufficient to support appellee's charges, and that the Chancellor properly adjudged her a divorce. That being true, the Chancellor was warranted in awarding appellee alimony.

The parties lived at their home—an eight-room brick residence—in Paducah. On August 22, 1930, appellant conveyed the home to appellee. From the record and the briefs it appears that in accordance with the judgment appellee reconveyed the home to appellant; that appellant sold it for $15,500, and that on May 4, 1949 appellee acknowledged receipt of $10,000 in

satisfaction of the judgment for alimony. The record discloses that appellant owns the three-story brick building in which he carries on his printing business. Witnesses place the value of the building from $17,000 to $30,000. From the evidence we conclude that this building was worth at least $20,000. The testimony as to the value of his equipment and stock is not satisfactory. We conclude that it was worth at least $10,000. It is shown that he had debts of approximately $5,000, leaving the net value of his property, including the home which he sold, at $40,500. The amount of alimony allowed, $10,000, is approximately one-fourth of appellant's total property.

In Gowdy v. Gowdy, 230 Ky. 545, 20 S.W.2d 170, 173, we said: "* * * This court has frequently approved allowances of alimony equal to one-third of the husband's estate. Yeager v. Yeager, 197 Ky. 353, 247 S.W. 5; Scott v. Scott, 200 Ky. 153, 252 S.W. 1019; Burns v. Burns, 173 Ky. 105, 190 S.W. 683." In the light of these cases and under the facts of the record, we do not believe that the amount of alimony allowed was excessive. Appellant, we assume, does not seriously complain of the amount of alimony, because he has made full settlement of the amount awarded.

This then leaves the one question. Was the amount awarded for the support of the two infant children unreasonable and unjust?

Appellee says that appellant, previous to the filing of this action, voluntarily made her an allowance of $40 per week, and in addition was paying all taxes on the home, all utility bills, insurance, medical and dental bills, and incidentals, including fuel for the home. During the pendency of this action, it appears that appellant had been contributing $40 per week to appellee for the maintenance of the family until October 15, 1948, when the Chancellor (Judge Price) ordered that appellant be enjoined from residing in the home where the parties had theretofore resided, and reduced the amount of the maintenance for the family from $40 per week to $30 per week until a fiinal hearing. Appellant, testifying on December 13, 1948, stated that he was not financially able to contribute more than $30 per week. By the judgment of April 12, 1949, the Chancellor (Judge Bryan) adjudged that appellant pay to appellee the

sum of $40 a week for the maintenance and support of the two infant children from April 12, 1950, the date of the judgment. The judgment provided that this action remain upon the docket for consideration "of all questions affecting the welfare and custody" of the children, as their interest "may require" and the "condition and circumstances of the parties may dictate."

On June 1, 1949, appellant filed a petition asking the court to reduce the allowance from $40 per week to $10 per week, alleging that his net income for 1948 was "only $3,844.43," and that his business had fallen off materially during the year 1949. Evidence was heard on this petition. We find no ruling of the Chancellor on this petition for modification so that it is not before us.

Under the testimony on the original hearing, we are unable to say that the amount allowed for the maintenance of the children was excessive.

The judgment is affirmed.