No. 18,087.

MARY SCHLEIGER *v.* JOHN SCHLEIGER.
(324 P. [2d] 370)

Decided April 14, 1958.   Rehearing denied May 5, 1958.

Messrs. Houtchens & Houtchens, Mr. Paul E. Garrison, for plaintiff in error.

Mr. Joseph L. Morrato, Mr. Norman H. Comstock, Miss Norma L. Comstock, for defendant in error.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

The parties are here in reverse order of their appearance in the trial court and we will refer to them as they there appeared.

After a trial to the court, upon issues raised by his complaint in divorce alleging mental cruelty, and defendant's answer and cross-complaint denying cruelty and alleging cruelty and non-support by way of recrimination, plaintiff was granted a decree of divorce. In a prior action between these parties defendant was given a decree of separate maintenance from plaintiff.

Trial of the divorce action was to the court without

the presence of a court reporter, both parties appearing in person and by counsel. Decree was entered and subsequently motion for new trial was filed, argued and denied.

Among the cross claims alleged by defendant was one that "Plaintiff is in default in payments ordered under the terms of said separate maintenance decree in an amount in excess of $4,000.00." Defendant asserts here that there was evidence before the trial court showing the attempted re-marriage of plaintiff prior to the granting of the decree in question. Nothing appears in defendant's answer and cross-complaint relating to such charge.

Three major grounds are urged for reversal, which can be summarized as follows:

1. That the trial court erred in not making express written rulings on defendant's defenses;

2. That the trial court erred in not making express written rulings on permanent alimony before entering the interlocutory decree;

3. That the trial court erred in refusing defendant a new trial on the ground that no reporter was present below and thus no record of the evidence was preserved for review by writ of error in this court.

The pleadings, including a bill of particulars filed by plaintiff, indicate that if the grounds for divorce alleged by plaintiff were sustained by proper evidence, and, if defendant failed to show by proper evidence that the doctrine of recrimination should apply, then the plaintiff would be entitled to the decree entered in his favor.

█ In the trial of a divorce case to the court without a jury wherein defendant pleads grounds for divorce by way of recrimination, the issue is the guilt or innocence of the parties of the grounds alleged against each other in their respective pleadings. Findings by the trial court, contained in the decree pursuant to statute, that plaintiff ought to be granted a divorce on the grounds of

cruelty is necessarily a finding of the issues in favor of plaintiff and against defendant. The credibility of the witnesses is to be determined by the trial court, and when the court found in favor of plaintiff it necessarily resolved the weight of the testimony in his favor and against the defendant. *Pierre v. Pierre,* 120 Colo. 542, 544, 212 P. (2d) 105.

In the Pierre case, however, there was a record before the Supreme Court showing sufficient evidence to support the finding which this court refused to disturb, it being exclusively within the province of the trial court to determine the facts.

In *Walton v. Walton,* 86 Colo. 1, 6, 278 Pac. 780, where a decree had entered in favor of defendant this court said:

"* * * Before the court could enter its findings in favor of the defendant, it must necessarily have found that the defendant had not been guilty of a violation of the marriage contract * * *"

In the instant case where the record on error contains no reporter's transcript and we have no means of reviewing the evidence, the further rule applies that the trial court's findings and judgment are presumed to be supported by the evidence. *Teets v. Richardson,* 131 Colo. 592, 284 P. (2d) 233.

Defendant may not inject in proceedings before this court on writ of error matters which she claims to be a part of the evidence below by including it in statements contained in her motion for a new trial filed March 17, 1956, and in her request for written findings belatedly filed September 15, 1956, and denied by the trial court on October 11, 1956. In dismissing the latter the court said: "Request denied on ground of failure of recollection of facts on trial because of passage of time." *Carnahan v. Connolly,* 17 C. A. 98, 100, 68 Pac. 836, states the general rule of appellate practice that on appeal a judgment of a court of general jurisdiction having jurisdiction of the subject matter and the parties, and

power to enter the judgment in question, is presumed to be regular in every respect unless the contrary appears from the record.

It is noted that defendant did not plead as a ground of defense that plaintiff had entered into a bigamous marriage while still married to her. Such a marriage might have been explained as having been made in good faith under a belief plaintiff was divorced from defendant. Standing alone it does not necessarily constitute cruelty even if it had been in the pleadings. This court will certainly not read into the pleadings something which does not appear therein.

As to defendant's assertion that the court did not rule on all the issues raised by the pleadings and specifically that there is no order either granting or denying the defendant alimony, the law is clear. The record as made before this court shows that the interlocutory decree of divorce provided for monthly support payments for the minor child of the parties until further order of the court and also an express judgment in defendant's favor for all support payments in arrears to that date in the separate maintenance action, to be paid $20.00 per month into the registry fund of the court until further order of court. Later, on June 11, 1956, after a hearing in open court with both plaintiff and defendant appearing in person and by their attorneys of record, the court made an order amending the interlocutory support order in both of the above particulars as well as ordering payment of additional attorney's fees to defendant's counsel. The court also expressly provided "that the provisions as to support in the Interlocutory Decree entered herein on the 9th day of March, A. D. 1956, are modified by this order."

The entry of the decree is prima facie evidence that the court considered defendant's motion filed before trial for payment of back support money, attorney's fees and suit money as well as her cross claim praying for " * * * a sum of not less than $250.00 per month for the support,

maintenance and medical care of Ronald Schleiger and the defendant." There were no other prayers by defendant for alimony.

It is well settled that awarding alimony and fixing the amount thereof rests in the sound discretion of the trial court, and, unless it is made to appear that there has been an abuse of discretion, the judgment of the trial court will not be disturbed on review. *Rodgers v. Rodgers,* 102 Colo. 94, 76 P. (2d) 1104. We held in *International Trust v. Liebhardt,* 111 Colo. 208, 214, 139 P. (2d) 264, concerning Sec. 8, Ch. 56, '35 C.S.A., now 46-1-5, C.R.S. '53, that "* * * The statute above quoted, section 8, chapter 56, volume 2, '35 C.S.A., does not compel a court to grant alimony in a divorce case — it is merely permissive. As is well known in many divorce decrees there is no provision for alimony * * *"

Defendant urges that since the state is a third party to every divorce action that it was the duty of the trial court to appoint a court reporter in strict accordance with rule 80 (a), R.C.P., which states in pertinent part:

"Unless the parties stipulate to the contrary, a master or district court *shall,* and any other court in its discretion may, direct that evidence be taken stenographically and appoint a reporter for that purpose. * * * The cost of a transcript shall be paid in the first instance by the party ordering the same, * * *." (Emphasis added.)

Defendant states that this rule cannot be waived except by express stipulation of the parties appearing in the record and that she personally did not enter into any such agreement.

When both parties proceeded to trial without a court reporter, there was a waiver by them of the requirement of Rule 80 (a) and neither party can now be heard to complain of lack of a transcript. That rule is for the benefit of the litigants and it is mandatory only in the sense that the district court cannot proceed to trial without a court reporter against the wishes of the parties. Defendant asserts in her brief that her former

attorney proceeded to hearing in the absence of a court reporter without her consent, and that she can raise the issue at any time. Clearly no written stipulation was required and we must presume that her attorney proceeded knowingly. It was within the scope of her counsel's employment to try the case as his best judgment dictated, and his client is bound by the course of procedure adopted in the trial of the case.

In *Middleton v. Stavely,* 124 Colo. 88, 235 P. (2d) 596, we approved the following language which was quoted from 5 Am. Jur. 314, §91:

" 'Generally speaking, an attorney of record has implied authority to enter into stipulations and agreements in all matters of procedure during the progress of the trial, which are necessary or incidental to the management of the suit, and which affect only the procedure or remedy, as distinguished from the cause of action itself.' "

This same rule has been applied in other jurisdictions. See *Zurich General Accident and Liability Co. v. Kinsler,* 12 Cal. (2d) 98, 81 P. (2d) 913, 917.

The general implied authority of an attorney by virtue of his employment includes the doing on behalf of his client of all acts in or out of court which he deems necessary or incidental to the transaction or management of the suit, or to the accomplishment of the purpose for which he has been retained, and which affect only the remedy and not the cause of action. The choice of proceedings, the form, the manner of trial, and all matters of procedure and the like are within the sphere of his general authority, and as to such matters his client is bound by his action. See 5 Am. Jur., Sec. 85, pages 311 and 312, and Sec. 91, pages 314 and 315.

We must presume that the trial court fully considered and ruled upon this question, as well as upon all other issues presented by the pleadings, there being no record in this court showing the contrary.

The judgment is affirmed.

MR. JUSTICE MOORE not participating.