No. 18,136.

LEOLA M. LININGER *v.* VIRGIL H. LININGER.

(333 P. [2d] 625)

Decided December 22, 1958.   Rehearing denied January 12, 1959.

Messrs. HORNBEIN & HORNBEIN, Mr. ROY O. GOLDIN, for plaintiff in error.

Mr. SAMUEL S. GINSBERG, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

WE will refer to the parties as husband and wife. The husband filed a complaint for divorce in the district court on the grounds of extreme and repeated acts of cruelty. The wife denied the allegations of the complaint and affirmatively alleged in a cross complaint that the husband was guilty of extreme and repeated acts of cruelty toward her, and prayed that the court award her the decree of divorce. Trial of the issues thus presented was had to the court without a jury. At the conclusion of all of the testimony the court found in favor of the husband and against the wife on his complaint, and against the wife in favor of the husband on her cross complaint. The decree of divorce was granted to the husband. The wife is here on writ of error.

The wife's principal claims of error are that the court failed to enter findings of fact and conclusions of law as required by Rule 52, R.C.P. Colo., and that the husband was guilty of cruelty as a matter of law. Thus it is contended that under the evidence the wife, not the husband, was entitled to a decree of divorce, or that both parties were guilty of cruelty and neither entitled to a decree (the doctrine of recrimination as the statutes of Colorado provided at the time of the trial of this case).

No good purpose would be served here by reciting the evidence so as to preserve for posterity in the reported cases of this court the sordid details disclosed by the record. Suffice it to say that the evidence amply supports the findings of the trial court in favor of the husband. On the claim advanced that the record here requires the court to determine that the actions of the husband amounted to extreme and repeated acts of cruelty as a matter of law, we cannot so hold. Counsel urges that the husband admitted the acts. As we read the record, there was at most a "confession and avoidance" by which the husband admitted and corroborated the *happening of the incident* but offered an entirely different explanation as to his participation therein. He contended that any physical force used by him was in

defense of his own person in the attempt to restrain the wife. His explanation viewed in the light of all of the evidence was reasonable, and if believed by the court, justified a finding that the wife was the aggressor and that the allegations of her cross complaint were without substance.

In rendering his decision the trial court entered the following findings:

"The Court DOTH FURTHER FIND that the evidence herein does not sustain the defendant's counterclaim, and that the defendant's counterclaim should be dismissed.

"The Court DOTH FURTHER FIND that the evidence does sustain the plaintiff's claim for divorce, and that a divorce should be granted to the plaintiff herein on the statutory ground that the defendant herein has been extremely and repeatedly cruel toward the plaintiff, and such cruelty consisted of infliction of mental suffering and body violence."

■ ■ Counsel contends that this does not comply with the rules requiring the trial court to enter findings of fact and conclusions of law. What counsel attempts to urge upon this court is that the trial court should comment upon the evidence, setting forth in detail a summary of the two days of testimony; what part thereof the court believed, and what part was disbelieved or given little credence. Our answer to this contention is that it is sufficient compliance with the Rules of Civil Procedure if the court makes findings on the material and ultimate facts. In this case, brought on the statutory ground of cruelty, C.R.S. '53, 46-1-1(5), the ultimate fact was whether the wife was guilty of extreme and repeated acts of cruelty toward the husband, consisting of the inflicting of mental suffering and bodily violence. This fact was found by the court and so enunciated. A contrary finding to a similar allegation in the wife's cross complaint was also made by the court. To put it another way, any finding by the court "that the evidence supports the allegations of the complaint" or a finding "that

the allegations of the complaint are true" or a finding which recites verbatim the pleading of an ultimate fact in the complaint, is sufficient to comply with Rule 52, R.C.P. Colo. An answer to contentions of the wife here, contrary to arguments advanced in the briefs, was given by this court in *Schleiger v. Schleiger,* 137 Colo. 279, 324 P. (2d) 370. See also *Pierre v. Pierre,* 120 Colo. 542, 212 P. (2d) 105.

The judgment is affirmed.

MR. JUSTICE KNAUSS not participating.