## No. 20496.

PEGGY N. BEDDOES *v.* DONALD E. BEDDOES.
(393 P.2d 1)

Decided June 8, 1964.    Rehearing denied June 29, 1964.

Messrs. McLEAN and McLEAN, for plaintiff in error.

Messrs. CRISTIANO and BUGDANOWITZ, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to the plaintiff in error as the wife or mother and to the defendant in error as the husband or father.

This writ of error is directed to the propriety of an order entered in the trial court modifying an original order for child support, and terminating entirely the order entered at the time of the divorce decree for the payment of $85.00 per month alimony for the wife. Child support payments were reduced from $100.00 a month for each of two children (a total of $200.00) to $42.50 a week for both children.

*I. The Order Reducing Child Support.*

Ordinarily the decision of the trial court in proceedings of this type will not be disturbed on review in the absence of a showing of abuse of discretion. *Huber v. Huber*, 143 Colo. 255, 353 P.2d 379. In this case, however, the reduction in child support shows a misconcep-

tion of the applicable law. The change in circumstances was not such as to support an order reducing the father's obligation to support his children. The needs of the children had actually increased since the entry of the original order, and the father did not contend that they had decreased.

In his motion requesting the court to change its previous orders, he alleged that his income had been *materially* reduced; that he was "financially unable to pay the amount ordered"; that his ability to pay had been "substantially reduced" since the entry of the order. He also alleged that the income and property of the wife had "materially increased" since the entry of the order.

The evidence does not support the husband's allegations with reference to his income or inability to pay. He had the same employer as at the time the original order was entered. His earnings fluctuated according to the hours worked, but there was a very negligible difference in his income compared to his earnings at the time the support payments were determined by the court. A change, if indeed any was shown, was not so substantial as to warrant a change in the order.

The only other evidence on the father's inability to pay was a substantial increase in his expenses. This, however, was brought about by reason of obligations incurred through entering into a new marriage. This type of change is not, by itself, a ground for modification. *Rodgers v. Rodgers,* 102 Colo. 94, 76 P.2d 1104; *Smith v. Smith,* 106 Colo. 205, 103 P.2d 11.

The court did not enter any findings of fact so we can only speculate that in view of the husband's income and the needs of the children the court must have been motivated by evidence showing that the wife's financial condition had improved in the years since the entry of the divorce decree. This element, though sometimes to be taken into consideration in determining child support payments, cannot under the facts in this case re-

lieve the father of the duty of child support. In *Garrow v. Garrow,* 152 Colo. 480, 382 P.2d 809, wherein it was shown that the mother was the recipient of substantial funds from her family, it was said: "Here the voluntary donations to Eileen * * * had nothing to do with William's duty of support, which must be based upon the needs of the children *and his ability to pay,* * * *." (Emphasis supplied.)

In 89 A.L.R. (2d) 1, (1963), is the following statement which is in line with the reasoning in the Garrow case:

"Thus, applications for a reduction in child support payments based on such a change in the mother's financial condition as her gainful employment, an increase in her earnings, her acquisition of property, or the like, have been denied in many cases, where no other circumstances warranted a reduction in the payments, on reasoning to the effect that a mother's employment or income does not relieve the father of the obligation to support his children under a support order, that the mother's employment or property does not inure to the father's benefit as a change of circumstances diminishing his obligation to support children, or that the mother's financial condition is not material insofar as the father's obligation to support his children is concerned."

## II. The Termination of Alimony Payments.

■ Because of what has been shown with reference to the husband's income, we conclude that the court's action in terminating the alimony payments was based on consideration of the wife's financial condition. Here a recital of the facts is necessary to show that the court abused its discretion ordering the payments stopped.

The wife had no income at all when the court first awarded her alimony at the time of the divorce in 1959, but at that time she received as part of the property settlement a piece of property which she developed by building a house thereon. She turned the property in 1961 for a profit of $11,430.61. Her other income for

that year was $1894.02. From that time she was able to obtain other building sites, and she had applied for a large construction loan to build a house on one of them, but there had been no further income shown from these transactions at the time of the hearing. From the profit that she made in 1961 she had maintained a cash position of $6400.00 at the time of the hearing. Other evidence showed, however, that her actual earnings in the real estate business were $154.86 a month.

The record showed that her expenses had increased from $426.17 a month to $794.45 a month. These expenses were primarily incurred in maintaining a home for her and the children. School expenses for one of the daughters was $137.77 per month. When the court originally entered an order for $85.00 a month alimony it was apparent that the court intended that she should earn her own way since such an amount could hardly afford her the opportunity to live in idleness and impecunity. If her husband had made all of his payments as ordered by the court, it would only be $285.00 a month as against the wife's expenses of more than $700.00. In the intervening years he had fallen in arrears in the amount of $2695.00. During the same period of time she had to use some of her reserve to meet the increased expenditures. The change in circumstances was not such as to support an order terminating the alimony payments.

In *Low v. Low*, 79 Colo. 408, 246 Pac. 266, we find the following statement apropos of this case:

"In exercising jurisdiction to change or modify an alimony decree courts should, and usually do, proceed with caution; and unless the evidence clearly shows that the original decree, which is presumed to have been made upon mature consideration, is no longer fair and just, it should not be changed. The ground here relied upon is a change in the financial condition of both parties. Some change in that condition, so far as it concerns the wife, was shown. At the time of the hearing she was employed as a teacher in the public schools at

a salary of $112.50 per month. There was change also in the financial condition of the husband, the petitioner, but it was better, not worse, * * *. After the decree of divorce * * * the husband remarried and one of the points he sought to bring out is that the second wife is more economical in conducting his household than was his former wife. * * * This of itself betters his financial condition. Although the former wife is receiving salary as a teacher in the public schools, she holds the position on probation only, and it is uncertain how long her employment will continue. There is evidence in the record that if the husband, whose source of income is largely from royalties on a patent, applied himself as diligently to useful labor or business as the former wife has done, his income would probably be enhanced in possibly greater proportion than hers has been increased from teaching."

Also see *Curry v. Curry,* 102 Colo. 381, 79 P.2d 653, wherein this court reversed an order reducing alimony.

The order of the trial court is reversed and the cause remanded with orders to reinstate the original child support and alimony order.

MR. CHIEF JUSTICE McWILLIAMS and MR. JUSTICE HALL concur.