459 So.2d 346 (1984)
Maria Elena IBANEZ, Appellant,
v.
Gustavo SALAZAR, Appellee.
No. 84-657.
District Court of Appeal of Florida, Third District.
October 23, 1984.
Rehearing Denied December 19, 1984.
*347 George C. Vogelsang and Deborah A. White, Miami, for appellant.
Gilbride, Heller & Brown and Scott A. Silver, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
HUBBART, Judge.
The mother Maria Elena Ibanez appeals from an order entered on the father Gustavo Salazar's post-judgment motion to modify a court-approved settlement agreement in a paternity action, which order reduces the father's child support payments from $2,000 a month, as set by the agreement, to $500 per month. The sole basis for this reduction was the trial court's finding that the mother's financial circumstances had substantially improved since the court-approved agreement. Without dispute, the father is a man of considerable wealth who can well afford to pay the agreed-upon $2,000 a month child support payments. For the reasons which follow, the order under review must be reversed.
We conclude that the mother's improved financial circumstances do require, as the father urges, that she contribute more to the support of her child, but afford no basis for reducing the father's agreed-upon child support obligations. Our reason for reaching this conclusion is our belief that the child should not be relegated to the standard of living set by the parties at the time of the settlement agreement; the child, we think, should be entitled to share in the good fortune of his mother without suffering a corresponding reduction of support from his father. This reasoning was the basis of the court's decision in Wanstall v. Wanstall, 427 So.2d 353 (Fla. 5th DCA 1983), which reversed a trial court's refusal to increase child support payments based on the father's improved financial circumstances, and we adopt it as the basis of our decision today. It was also an implicit basis for this court's decision in Zammas v. Zammas, 328 So.2d 519 (Fla. 3d DCA 1976), which affirmed a trial court's refusal to reduce child support payments based solely, as here, on the mother's improved financial circumstances. Moreover, the decisions of other jurisdictions on this issue are in accord and fully support the result which we reach today. Beddoes v. Beddoes, 155 Colo. 115, 393 P.2d 1, 2 (1964); Martin v. Martin, 313 Ky. 797, 251 S.W.2d 302, 303 (1952); Slater v. Slater, 327 Mich. 569, 42 N.W.2d 742, 743 (1950); Luplau v. Luplau, 117 S.W.2d 366, 367 (Mo. Ct. App. 1938); Holbrook v. Holbrook, 116 Utah 114, 208 P.2d 1113, 1114 (1949).
In reaching our decision, we do not overlook Section 61.14(1), Florida Statutes (1983), relied on by the father, which authorizes a party to move to modify child support payments contained, as here, in a settlement agreement entered into between the parties where "the circumstances or the financial ability of either party has changed... ." The statute, however, does not provide that the court is required to grant such a motion, but only that "the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties... ." § 61.14(1), Fla. Stat. (1983). We conclude that the trial court abused its discretion and did not do equity when it reduced the father's child support payments based solely on the mother's improved financial circumstances. We further reject the contention that the father, by virtue of this statute, had a legal right to a reduction in his child support payments based solely on the mother's change in financial circumstances as, in our view, the statute confers no such right.
The order under review is reversed and the cause is remanded to the trial court *348 with directions to deny the father Gustavo Salazar's motion to modify filed below.
Reversed and remanded.